UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| VALLEY FORGE INSURANCE COMPANY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-CV-6 |
| | ) | |
| HARTFORD IRON & METAL, INC., and | ) | |
| ALAN B. GOLDBERG, d/b/a Hartford Iron & | ) | |
| Metal, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION and ORDER

Before the Court is a motion to amend filed by Plaintiff Valley Forge Insurance Company, seeking leave to file its Second Amended Complaint to "amend and augment the pleadings to be consistent with events that have occurred since the [f]irst Amended Complaint was filed" in January 2014. (DE # 30.) Defendants Hartford Iron & Metal, Inc., and Alan B. Goldberg (together, "Hartford Iron") oppose the motion, claiming that it is futile, merely protracts this litigation and complicates the defense, and improperly seeks to introduce settlement materials to the pleadings. (DE # 63.) The motion is now ripe for ruling. (DE # 71.)

For the following reasons, Valley Forge's motion to amend will be GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Valley Forge filed this suit against Hartford Iron on January 10, 2014, claiming that Hartford Iron breached a Settlement Agreement entered into between the parties in December 2012 that purported to settle the parties' respective rights and duties under certain insurance contracts relating to an environmental dispute. (*See* DE # 1, 28.) Valley Forge amended its complaint on January 21, 2014. (DE # 6.)

On March 20, 2014, Hartford Iron filed a motion to dismiss under Federal Rule of Evidence 12(b)(6), asserting that Valley Forge's Amended Complaint failed to allege facts that, even if true, violated the terms of the Settlement Agreement. (DE # 18.) The District Judge denied the motion to dismiss in its entirety on January 21, 2015. (DE # 28.)

On February 6, 2015, Valley Forge filed a motion for preliminary injunction, together with the instant motion to amend. (DE # 30, 31.) After an evidentiary hearing on March 9, 2015, the District Judge denied the motion for preliminary injunction, finding that Valley Forge failed to show a "better than negligible" likelihood of success on its claim that Hartford Iron breached the Settlement Agreement by unreasonably withholding its approval of additional defense counsel. (Hartford Iron's Br. in Opp'n Ex. 1 at 240; *see* DE # 60.)

The instant motion to amend became ripe for ruling on April 16, 2015. (DE # 30, 63, 71.) At a preliminary pretrial conference on April 21, 2015, the Court set a discovery deadline of April 22, 2017, but a deadline has not yet been set for any amendments to the pleadings. (DE # 72.) Accordingly, the motion to amend is timely filed.

## II.  APPLICABLE LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "To determine whether 'just terms' exist for motions to supplement under Rule 15(d), the court uses the same factors as those used for motions to amend under 15(a)." *Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 cv 2131, 2011 WL 1642518, at *1 (N.D. Ill. Apr. 29, 2011) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996)).

2

"Accordingly, leave to supplement the pleadings should be granted when there is no apparent reason for denying leave such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). At bottom, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### III. DISCUSSION

Valley Forge emphasizes that its proposed Second Amended Complaint does not add new causes of action, but merely amends and augments its claims with events that have occurred since filing its first Amended Complaint in January 2014. It emphasizes that the Second Amended Complaint is without undue prejudice or surprise to Hartford Iron, as this suit is still at the threshold of litigation, Hartford Iron has not yet answered the first Amended Complaint, and the discovery period has just commenced.

Indeed, Hartford Iron does not suggest that it would be unduly prejudiced or surprised by the amendment, or that the amendment is made in bad faith. Rather, it contends that the amendment is futile, merely protracts this litigation and complicates the defense, and improperly seeks to introduce settlement materials to the pleadings. The Court will address each of these arguments in turn.

A. <u>Hartford Iron has not shown that the Second Amended Complaint is futile</u>.

"[F]utility is measured by the capacity of the amendment to survive a motion to dismiss." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Crestview Vill.*

3

*Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "That means a proposed amendment must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Duthie*, 254 F.R.D. at 94 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

Hartford Iron points out that Valley Forge's motion to amend was filed on the same day as its motion for preliminary injunction, emphasizing that the two filings "largely mirror each other." (Hartford Iron's Br. in Opp'n 3.) As such, it urges that the District Judge's denial of Valley Forge's motion for preliminary injunction–which was premised on the Court's finding that Valley Forge failed to show a "better than negligible" likelihood of success on its claim that Hartford Iron breached the Settlement Agreement by unreasonably withholding its approval of additional defense counsel–translates into a complete failure to state a claim under Rule 12(b)(6). As Hartford Iron phrases it, "Valley Forge insists on pressing its lengthy amendments as if the Court did not decide anything." (Hartford Iron's Br. in Opp'n 6.)

But Hartford Iron is overstating the legal standard that applies at this stage of the suit. To reiterate, "futility is measured by the capacity of the amendment to survive a motion to dismiss." *Duthie*, 254 F.R.D. at 94. This standard requires only that the complaint set forth facts which, if true, would state a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). Here, Valley Forge's first Amended Complaint has already survived a motion to dismiss (DE # 28), and the Second Amended Complaint does not add any

4

new claims. On that basis, it is reasonable to infer that the Second Amended Complaint also satisfies the Rule 12(b)(6) standard.

And contrary to Hartford Iron's assertion, a plaintiff's failure to show a "better than negligible" chance of success on a motion for preliminary injunction does *not* equate to a failure to state a claim under Rule 12(b)(6). *See Fort Wayne Women's Health v. Bd. of Comm'rs, Allen Cnty. Ind.*, 735 F. Supp. 2d 1048, 1061 (N.D. Ind. 2010) (articulating that plaintiff's failure to show a "better than negligible" chance of relief on a motion for preliminary injunction does not translate into a failure to state a claim). Just because Valley Forge is unlikely to succeed on the merits in its argument that Hartford Iron was breaching the Settlement Agreement by unreasonably withholding its approval of additional defense counsel, does not show that the claim is purely speculative and unable to withstand a motion to dismiss. *See id.* at 1062. Therefore, Hartford Iron's futility argument is unavailing.

B. <u>Hartford Iron has not shown that Valley Forge filed the Second Amended Complaint to protract the litigation</u>.

Next, Hartford Iron argues that Valley Forge filed the Second Amended Complaint merely to protract the litigation and complicate the defense. But the case upon which Hartford Iron relies for this premise, *Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996), is distinguishable from the instant circumstances.

In *Glatt*, the plaintiff moved to amend to add an entirely new claim sixteen months after filing the original complaint and after the court had granted a motion to dismiss two of the three counts in its original complaint. The amendment was based solely on a document that the plaintiff had discovered more than a year earlier. *Id*. Under those circumstances, the Seventh

5

Circuit Court of Appeals concluded that a court "not only may but should consider the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense; its probable merit; whether the claim could have been added earlier; and the burden on the defendant of having to meet it." *Id*.

But here the Second Amended Complaint does not add any new claims, and the first Amended Complaint has already withstood a motion to dismiss. And in contrast to *Glatt*, the proposed amendments seek to add more recent information to more accurately reflect the current controversies, not stale information that could have been presented much earlier. Furthermore, Hartford Iron has not yet answered the first Amended Complaint, and thus, answering the Second Amended Complaint does not create an undue burden.

At bottom, "[a] supplemental pleading promotes as complete an adjudication of the dispute between the parties as possible." *Habitat Educ. Ctr., Inc. v. Kimball*, 250 F.R.D. 397, 401 (E.D. Wis. 2008) (internal quotation marks and citations omitted). "Thus, when a supplemental pleading facilitates the efficient administration of justice, a court should allow it." *Id*.

Hartford Iron has not convinced the Court that Valley Forge seeks to file the Second Amended Complaint to protract the litigation or complicate the defense. Rather, it appears that the supplemental pleading will promote "as complete an adjudication of the dispute between the parties as possible," *id*., and thus, should be allowed.

C. <u>Hartford Iron's argument that Valley Forge is attempting to evade Federal Rule of Evidence 408(a) through its Second Amended Complaint will not preclude the amendment.</u>

Finally, Hartford Iron contends that the Court should deny Valley Forge's motion to

6

amend because it is using the amended pleading to evade Federal Rule of Evidence 408(a), which prohibits the use of offers of compromise to prove or disprove liability. Specifically, Hartford Iron asserts the Second Amended Complaint contains "detailed allegations about 'negotiations' between the parties," and a "caricatured version of settlement terms for which it demanded 'mediation.'" (Hartford Iron's Br. in Opp'n 6 (citing proposed Second Am. Compl. ¶¶ 24-29, 157, 171, 174-75, 186).)

First, Rule 408(a) on its face applies to the admissibility of *evidence*, not allegations. *See BPI Energy, Inc. v. IEC (Montgomery), LLC*, No. 07-186-DRH, 2007 WL 3355363, at *1 (S.D. Ill. Nov. 13, 2007) ("The Second Amended Complaint is not evidence; rather, it sets forth allegations. Therefore, on its face, Rule 408 is not applicable at this juncture."); *but see Fid. Nat'l Title Co. v. Law Title Ins. Co.*, No. 04 C 6382, 2005 WL 1126899, at *6 (N.D. Ill. May 3, 2005) (granting under Rule 408(a) a motion to strike a letter offering settlement that was attached to the complaint, stating that "a contrary conclusion would undermine the Rule's purpose of encouraging settlement negotiations").

Second, Rule 408(b) provides that settlement materials may be admitted for "another purpose," including "negating a contention of undue delay[.]" Valley Forge points out that Hartford Iron has repeatedly accused it of delaying the remediation and has asserted claims against it based on undue delay. (Valley Forge's Reply 8-9 (citing DE # 23-1 ¶¶ 9, 74-76, 121-23, 154).) It further emphasizes that both parties relied upon Valley Forge's relocation proposal–that is, a portion of the purported settlement materials–when briefing the preliminary injunction motion. (Valley Forge's Reply 9 (citing DE # 45-45, 48-1 at 17-18).)

For these reasons, the Court will not bar the motion to amend based on Rule 408(a).

Hartford Iron may renew its objection under Rule 408(a) if and when Valley Forge attempts to use any settlement materials as evidence. *See Bishops Bay Founders Grp., Inc. v. Bishops Bay Apartments, LLC*, 301 F. Supp. 2d 901, 904 (W.D. Wis. 2003) (denying defendant's motion to strike a letter as an offer of compromise under Rule 408, stating that plaintiff may renew its objection "if and when plaintiff attempts to use the letter as evidence").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend (DE # 30) is GRANTED.  The Clerk is DIRECTED to show Plaintiff's Second Amended Complaint (attached to the motion) filed.

SO ORDERED.

Entered this 22nd day of April 2015.

/s Susan Collins  
Susan Collins  
United States Magistrate Judge