UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CAUSE NO. 1:14-CV-6-RLM-SLC<br>) |
| HARTFORD IRON & METAL, INC. AND ALAN B. GOLDBERG (DBA HARTFORD METAL & IRON), | )<br>)<br>)<br>) |
| Defendants. | ) |

OPINION and ORDER

On March 9, 2015, the court held a hearing on plaintiff Valley Forge Insurance Company's motion for preliminary injunction. After Valley Forge and defendants Hartford Iron & Metal, Inc. and Alan Goldberg presented evidence and argument, the court denied the motion. Hartford Iron subsequently filed a bill of costs related to the preliminary injunction hearing. The submitted costs are $405.64 for copies, $2.94 for postage, and $1,547.02 for travel expenses, including the cost of hotel rooms, meals, and mileage, for the following: S. Goldberg, a representative of Hartford Iron; M. Shere, Hartford Iron's attorney; J. Dameron, defense counsel; and J. Heck, whose association with the case is unknown. Valley Forge objects to the bill of costs.

Hartford Iron contends it is entitled to costs because the court denied Valley Forge's preliminary injunction motion. Pursuant to Federal Rule of Civil Procedure 54(d)(1), a prevailing party is allowed costs, excluding attorney's

fees. For the purpose of recovering costs, a prevailing party is "the party in whose favor judgment has been entered." Republic Tobacco Co. v. North Atl. Trading Co., 481 F.3d 442, 446 (7th Cir. 2007) (*quoting* Moore's Federal Practice § 54.101[3] (3d ed. 2006)). Federal Rule of Civil Procedure 54(a) defines a judgment to be "any order from which an appeal lies," and the court's decision denying the preliminary injunction is an appealable interlocutory order pursuant to 28 U.S.C. § 1292(a)(1). Thus, Hartford Iron concludes the decision is a judgment and costs should be allowed to the party that prevailed in that decision.

Valley Forge argues that although the denial of the preliminary injunction motion is an appealable order, Hartford Iron isn't a prevailing party. Valley Forge cites Dupuy v. Samuels, 423 F.3d 714 (7th Cir. 2005), and argues a party hasn't prevailed when "further proceedings on the merits clearly are contemplated." Id. at 724-725. Dupuy v. Samuels defines "prevailing party" in the context of 42 U.S.C. § 1988, which permits the court, "in its discretion, [to] allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Hartford Iron argues cases that involve the statutory award of attorney fees don't apply because the statutes are typically only available at the conclusion of litigation. Hartford Iron doesn't explain why Rule 54(d)(1) also wouldn't typically only be available at the conclusion of litigation. Hartford Iron points to no substantive distinction

between a "prevailing party" under § 1988 and Rule 54(d)(1), and the court finds none.

Valley Forge also cites Bats, Inc. v. Vector Pipeline, LP, 222 F.R.D. 356 (N.D. Ind. 2004), and claims "[a] party must have 'prevailed . . . as to the substantial part of the litigation' to qualify as a prevailing party under Fed. R. Civ. P. 54(d)(1)." Resp. Br. 2 (*quoting* Bats, Inc. v. Vector Pipeline, LP, 222 F.R.D. at 357-358). Hartford Iron alleges this characterization of the Bats, Inc. v. Vector Pipeline, LP decision is a "significant misrepresentation" because it omits text from the sentence that refers to cases in which each party has prevailed on different claims. Reply Br. 2. Hartford Iron says the full quote "explains how to assess costs where different parties prevailed on different issues before the bill of costs was filed." Id. The full quote reads as follows:

> Explaining how this provision applies in cases where each party has prevailed on different claims, the Seventh Circuit has held that the analysis for determining who the "prevailing party" is, focuses on who prevailed "… as to the substantial part of the litigation."

Bats, Inc. v. Vector Pipeline, LP, 222 F.R.D. 356, 357-358 (N.D. Ind. 2004) (*quoting* First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985)). The court can't agree that the omitted text creates a "significant misrepresentation" of the meaning of the sentence. The Bats, v. Vector Pipeline court cited First Commodity Traders, Inc. v. Heinold Commodities, Inc., in which the court determined "that under Rule 54(d) the 'prevailing party' is the party who prevails 'as to the substantial part of the litigation,'" Id. at 1015, and Northbrook Excess & Surplus Ins. Co. v. Procter &

Gamble Co., 924 F.2d 633 (7th Cir. 1991), in which the court reiterated that determination. Id. at 641. Further, the Bats, Inc. v. Vector Pipeline, LP Rule 54(d)(1) decision took place after two rounds of summary judgment motions and a jury trial. 222 F.R.D. at 357. Thus, different parties prevailed on different claims, not different issues as Hartford Iron suggests.[1]

So, a party has prevailed when further proceedings on the merits aren't anticipated, Dupuy v. Samuels, 423 F.3d 714, 724-725 (7th Cir. 2005), and the party prevailed as to a substantial part of the litigation. First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985). "[T]he Court has held that a litigant is a prevailing party when he has obtained a judgment on the merits, a settlement agreement enforced through a consent decree or some other 'judicially sanctioned change in the legal relationship of the parties.'" Dupuy v. Samuels, 423 F.3d at 719 (*quoting* Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). The "award of costs should not depend on who wins the various battles preceding final judgment." Republic Tobacco Co. v. North Atl. Trading Co., 481 F.3d 442, 446 (7th Cir. 2007).

---

[1] In Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633 (7th Cir. 1991), the decision on an issue determined which party received prevailing party status. Id. at 641-642 ("There was a single significant issue in this case."). Nevertheless, the claims were resolved, and the issue resolution simply guided which party was legally more successful. Id. at 642.

Valley Forge says further proceedings will be required to resolve the merits of its claims, and the court agrees.[2] The preliminary injunction motion and hearing addressed a part of one of Valley Forge's five claims; the court's denial of the preliminary injunction motion didn't resolve that claim (or any others). Before the hearing, the court denied Hartford Iron's motion to dismiss for failure to state a claim. After the hearing, the court allowed Valley Forge to amend its complaint. No claims in this litigation have been resolved on the merits or otherwise, and the legal relationship between the parties is the same today as it was the day the complaint was filed.

Hartford Iron isn't a prevailing party and so isn't entitled to costs related to the preliminary injunction motion hearing. The court DENIES Hartford Iron's bill of costs (Doc. No. 62). It isn't necessary to reach Valley Forge's arguments, conceded in part by Hartford Iron, that not all of Hartford Iron's costs are recoverable under 28 U.S.C. § 1920.

SO ORDERED.

ENTERED:  May 21, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court

---

[2] The court disagrees with Valley Forge's characterization of the litigation of this suit having "only just begun."