# UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| VALLEY FORGE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:14-cv-00006-RLM-SLC |
| | ) | |
| HARTFORD IRON & METAL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| HARTFORD IRON & METAL, INC., *et al.*, | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion to strike (DE 102) filed by Plaintiff Valley Forge Insurance Company ("Valley Forge") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, seeking to strike the answer (DE 78) filed by Defendant Hartford Iron & Metal, Inc., and Alan B. Goldberg (together, "Hartford Iron") to Valley Forge's second amended complaint (DE 74). Valley Forge contends Hartford Iron's answer should be stricken because 171 of the 230 responses in the answer purportedly do not comply with Federal Rule of Civil Procedure 8(b), in that they do not include, or are not limited to, an admission, a denial, or an averment that the party lacks knowledge or information sufficient to form a belief as to the truth of the averment.

The motion is now ripe for ruling. (DE 135; DE 158).

For the following reasons, Valley Forge's motion to strike will be GRANTED IN PART and DENIED IN PART.

### A. Applicable Legal Standard

Federal Rule of Civil Procedure 8(b) states that in responding to a pleading, a party must "admit or deny the allegations asserted against it by an opposing party." "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Techs. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). However, "a motion that seeks to remove unnecessary clutter serves not to delay, but rather to expedite." *Abayneh v. Zuelch*, No. 2:10-CV-415 RLM-RCB, 2011 WL 572407, at *1 (N.D. Ind. 2011) (citing *Heller Fin., Inc.*, 883 F.2d at 1294).

Motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011) (citing *Heller Fin., Inc.*, 883 F.2d at 1294; *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992)). The decision whether to strike material under Rule 12(f) is

within the discretion of the district court. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**B.  Analysis**

1. The "Nature of the Second Amended Complaint"

Valley Forge first seeks to strike the two-page introduction entitled "Nature of the Second Amended Complaint" in Hartford Iron's answer, asserting that it is "unnecessary clutter." *See Abayneh*, 2011 WL 572407, at *1 (citing *Heller Fin., Inc.,* 883 F.2d at 1294)). In response, Hartford Iron contends that the introduction provides the basis for its response to Valley Forge's lengthy allegations in that it "makes the ensuing detail more understandable." (DE 135 at 6).

Providing an overview of the case in a preliminary statement may be a common practice when filing complaints, but it is not common practice for answers. *Fox v. Will Cnty.*, No. 04 C 7309, 2011 WL 6206238, at *2 (N.D. Ill. Dec. 7, 2011). "[A] preliminary statement is generally unnecessary and improper in the context of a defendant's answer to a complaint." *Ramos v. Playtex Prods., Inc.*, Nos. 08 CV 2703, 08 CV 2828, 08 CV 3352, 2008 WL 4066250, at *5 (N.D. Ill. Aug. 27, 2008). Here, the "Nature of the Second Amended Complaint," for the most part, merely summarizes the antagonistic relationship of the two parties. As such, it serves no useful purpose and simply adds "unnecessary clutter" to the case. *Abayneh*, 2011 WL 572407, at *1. Therefore, it will be stricken.

2. The Document "Speaks for Itself"

Hartford Iron's responses to more than 120 paragraphs of the complaint state that the

3

document on which Valley Forge's allegations are based "speaks for itself." (DE 78 ¶¶ 2, 3, 6, 24-28, 32, 34, 37, 39, 41, 43, 45-51, 54, 56-68, 70-75, 77, 80-82, 84, 86, 92-94, 96-100, 102, 105, 106, 108, 112, 114-18, 120, 121, 123, 125-27, 129, 132, 135, 136, 139, 143-46, 148-58, 161-67, 170-75, 177-81, 184, 188, 197, 200-02, 204, 206, 207, 209, 210, 212, 213, 218, 222). Hartford Iron states that it answered this way because Valley Forge purportedly paraphrased and distorted the actual terms of the document referred to in the applicable paragraph of its complaint—namely, the Second Settlement Agreement. (DE 135 at 7).

"Rule 8(b) sets out the responses a defendant is permitted to make to a pleading: admissions, denials, or statements that the party lacks information sufficient to form a belief about the truth of an allegation." *Cont'l Cas. Co. v. Duckson*, No. 11-CV-00459, 2011 WL 2293873, at *2 (N.D. Ill. June 9, 2011). As such, "[c]ourts have expressly held that a response indicating that a document 'speaks for itself' is insufficient under the Federal Rules." *Ind. Reg'l Council of Carpenters Pension Tr. Fund v. Fid. & Deposit Co. of Md.*, No. 2:06-CV-32-PPS-PRC, 2006 WL 3302642, at *2 (N.D. Ind. Nov. 9, 2006) (collecting cases); *see Do it Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *5 (N.D. Ind. July 8, 2013) (collecting cases); *Cont'l Cas. Co.*, 2011 WL 2293873, at *2; *Rudzinski v. Metro. Life Ins. Co.*, No. 05C 0474, 05 C 0474, 2007 WL 2973830, at *4 (N.D. Ill. Oct. 4, 2007) ("[T]his device is frequently, and improperly, employed by lawyers who would prefer not to admit something that is alleged about a document in a complaint." (citing *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276 (N.D. Ill. 2001))).

However, some courts have declined to strike an answer stating that the document "speaks for itself" where the defendant has also either admitted or denied the allegations. *See,*

4

*e.g.*, *Pavlik v. FDIC*, No. 10 C 816, 2010 WL 3937621, at *3 (N.D. Ill. Oct. 5, 2010) (denying plaintiff's motion to strike defendant's answer, explaining that "although the language 'speaks for itself' is not envisioned by the notice pleading standards, the [defendant] has also admitted this paragraph"). Here, Hartford Iron asserts that in its responses stating that the document "speaks for itself," it also included a general denial of the allegations. As such, it urges that the Court should not strike these paragraphs.

But Hartford Iron's denial of the allegations is equivocal, and thus, its denial language cannot remedy the insufficient response that a document "speaks for itself." *See Do It Best Corp.*, 2013 WL 3421924, at *5-6 (granting a motion to strike defendant's responses comprised of a statement that a document "speaks for itself" followed by a qualified denial of the allegations). After reciting that the document "speaks for itself," Hartford Iron states: "To the extent that further response may be required, the paragraph is denied." A "response that the document speaks for itself could either be interpreted as an admission or denial and does not directly respond to the allegations in the [c]omplaint." *N. Ind. Metals v. Iowa Express, Inc.*, No. 2:07-CV-404-PRC, 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008). Therefore, in stating that the document "speaks for itself" and "[t]o the extent that further response may be required, the paragraph is denied," Hartford Iron could be denying none, some, or all of the paragraph. Valley Forge and the Court are left to wonder which it is. *See F.D.I.C. v. Stovall*, No. 2:14-cv-00029-WCO, 2014 WL 8251465, at *11 (N.D. Ga. Oct. 2, 2014) ("[T]he initial statement that the document speaks for itself obscures what, if any, portion of the allegation the denial covers. This is more than a pedantic qualm, including the statement that the document speaks for itself can have significant consequences.").

5

In sum, Hartford Iron's qualified denial language cannot remedy its use of the phrase the document "speaks for itself." Therefore, these responses will be stricken, and Hartford Iron will be granted leave to amend its responses to these paragraphs and clearly state in compliance with Rule 8(b) whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment.

### 3. "To the Extent that Further Response May Be Required"

Hartford Iron also employs that same formulaic denial—"To the extent that further response may be required, the paragraph is denied"—in numerous other paragraphs of its answer. (*See* DE 78 ¶¶ 22, 40, 42, 44, 52, 55, 76, 78, 85, 90, 95, 101, 103, 107, 109, 110, 124, 130, 131, 138, 140, 141, 147, 168, 169, 185, 186, 191, 193, 211, 214, 215, 217, 219, 220, 221, 223-25). Valley Forge seeks to strike these answers as well, contending that they are impermissible qualified denials.

To reiterate, in responding to a pleading, a party must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). If a party must give a qualified answer, it must "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4); *see Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. Nov. 6, 2006) (striking defendant's answer where defendant began with the phrase "to the extent that" and then denied the remaining allegations, finding it was an impermissible "qualified answer"); *Trs. of Auto. Mechs. Local No. 701 Pension & Welfare Funds v. Union Bank of Cal., N.A.*, No. 08 C 7217, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009) ("[The phrase] 'to the extent that' is a telltale tipoff that [the party] has failed to comply with the notice requirements that the federal system imposes on defendants as well as plaintiffs."); *Baumann v. Bayer, AG*, No. 02 C

2351, 2002 WL 1263987, at *1 (N.D. Ill. June 5, 2002) ("[I]t is of course obvious that any purported response that begins with 'to the extent that' is wholly uninformative.").

The Court agrees that Hartford Iron's incorporation of the phrase "to the extent that further response may be required" is akin to an impermissible qualified denial. *See Do It Best Corp.*, 2013 WL 3421924, at *6 ("[C]ryptic responses do not inform Plaintiff of whether their denials were based on the facts or otherwise."). Therefore, these responses will also be stricken, and Defendant will be granted leave to amend its answers to these paragraphs and clearly state in compliance with Rule 8(b) whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment.

    4. "To the Extent It May Be Admissible in this Case"

Hartford Iron's responses to more than 40 paragraphs incorporate the phrase "[t]o the extent it may be admissible in this case" when referring to the document cited in the corresponding paragraph of the answer. (DE 78 ¶¶ 24-26, 56-68, 70, 71, 99, 105, 106, 112, 114, 115, 117, 120, 125-27, 129, 135, 136, 139, 143, 144, 146, 148, 150, 152, 155, 157, 167, 173-75, 206, 207, 213, 222). This phrase is then coupled with the "speaks for itself" language discussed above, most typically stating "[the document] speaks for itself, to the extent it may be deemed admissible as evidence of any fact." (*See, e.g.*, DE 78 ¶ 99).

Hartford Iron cites no authority for the proposition that the admissibility of a document is a basis for a party to deny the facts alleged in a complaint. *See Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 WL 2445902, at *2-3 (N.D. Ill. Sept. 29, 2005) (holding that an objection is an improper response that does not appear in Rule 8(b) and that defendant must answer the complaint with one of the three permissible responses set out in Rule 8(b)); *see*

7

*generally Stovall*, 2014 WL 8251465, at *11 ("[T]he prefatory non-response obscures the value of the denial or admission."). To reiterate, to the extent that a party must give a qualified answer, it must "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Hartford Iron's attempt to qualify its answer based on the admissibility of the documents cited in the corresponding paragraph of the complaint renders the answer equivocal and improper under Rule 8(b). *See, e.g.*, *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 907-08 (striking portions of defendant's answer that included improper qualifying language).

Therefore, these paragraphs will also be stricken, and Defendant will be granted leave to amend its answers to these paragraphs and clearly state in compliance with Rule 8(b) whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment.

5. "Conflict of Interest Correspondence"

Finally, Hartford Iron's responses to more than 30 paragraphs refer to the documents addressed in the corresponding paragraph of the complaint as "conflict of interest correspondence." (DE 78 ¶¶ 99, 105, 106, 115, 117, 120, 125, 127, 129, 132, 135, 136, 139, 143, 144, 146, 148, 150, 152, 155, 157, 161, 166, 167, 171, 173, 175, 206, 207, 213, 222). Valley Forge seeks to strike these paragraphs of Hartford Iron's answer for the reason that they "contain editorial comments." (DE 102 at 4).

Hartford Iron's reference to these documents could have been stated differently. In other paragraphs, Hartford Iron uses the term "Defense correspondence" or "correspondence" to refer to the documents referred to in the corresponding paragraph of the complaint. (*See, e.g.*, DE 78 ¶¶ 73-75, 80-82, 84, 86, 92-94, 96-98, 100, 102, 108, 116, 118, 121, 123, 149, 151, 153, 154, 156, 162-64, 170, 172). But Valley Forge has not explained how it is prejudiced by Hartford

8

Iron's use of the term "conflict of interest correspondence." *See, e.g.*, *Person v. Heartland Emp't Servs., LLC*, No. 1:14-cv-01297-SLD-JEH, 2014 WL 6980572, at *1 (C.D. Ill. Dec. 10, 2014) ("[C]ourts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion." (citations omitted)). Obviously, the term is clear enough to convey that Hartford Iron was referring to the documents cited in the corresponding paragraph of the complaint, as Valley Forge says as much in its motion. (DE 102 at 4).

Consequently, the Court declines to strike these paragraphs solely for the reason that they refer to the documents addressed in the corresponding paragraph of the complaint as "conflict of interest correspondence."

### D. Conclusion

For the foregoing reasons, Valley Forge's motion to strike (DE 102) is GRANTED IN PART and DENIED IN PART as set forth in this Opinion and Order. Hartford Iron is granted up to and including October 14, 2015, to file an amended answer that comports with the requirements of Federal Rule of Civil Procedure 8(b).

SO ORDERED.

Enter for this 30th day of September 2015.

S/ Susan Collins  
Susan Collins  
United States Magistrate Judge