UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| VALLEY FORGE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:14cv06 RLM-SLC |
| | ) | |
| HARTFORD IRON & METAL, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |
| ******************************************* | | |
| HARTFORD IRON & METAL, INC., et al., | ) | |
| | ) | |
| Third-party Plaintiffs and Counterclaimants | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONTINENTAL INSURANCE CO., | ) | |
| | ) | |
| Third-Party Defendants and Counterdefendants | ) | |
| | ) | |

OPINION AND ORDER

This case comes before the court on defendant Hartford Iron & Metal, Inc.'s "Objection and Response Under Federal Rule 43 to Coyle Video Testimony." The court overrules the objections because the authority cited has no application. To explain the holding, a review of the proceedings at issue is needed.

This case can't be summarized in a sentence or two, but one of the central issues in the case involves the construction of a stormwater control system. Hartford Iron and plaintiff Valley Forge Insurance Company haven't been able to

work together well enough for the construction work to have been done well enough to satisfy the Indiana Department of Environmental Management.

On September 4, Hartford Iron filed a motion seeking an emergency hearing, purportedly under Rule 57 of the Federal Rules of Civil Procedure. Hartford Iron explained that since a preliminary injunction hearing was conducted on March 9, and since it filed its counterclaim/third party complaint on June 8, a lot had happened; IDEM no longer seems to be willing for work to dawdle, and threatens to take action soon that might impose new penalties of hundreds of thousands of dollars.

Hartford requested "a one-half day October hearing for a declaration of rights regarding the Keramida system[,]" purportedly pursuant to Rule 57. Because it appeared that significant harm to one or more of the litigants loomed on the horizon, the court — after confirming the availability of counsel — scheduled the requested hearing for the afternoon of October 22.

But while the court tried to address what Hartford Iron describes as an emergency, it would be quite difficult to describe the scheduled October 22 hearing as one under Rule 57. Rule 57 specifies that all of the Federal Rules of Civil Procedure apply to actions for declaratory relief, and that the availability of another adequate remedy at law doesn't bar declaratory relief. Those provisions seem helpful to a court system moving, as the federal court system did in 1938,

from a system of pleading causes of action to a system of notice pleading. As a leading treatise explains,

> Prior to the time Rule 57 took effect, suits for declaratory relief involving matters of equitable cognizance were commenced by a bill of complaint and the issuance of a subpoena in accordance with the former Equity Rule 12. Actions at law, on the other hand, were instituted in accordance with the practice of the state in which the court was sitting as modified by specific federal statutes.

CHARLES A. WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2768, at 663-664 (3d ed. 1998). Rule 57 meant that all actions would be commenced in accordance with Rules 3 and 4. *Id.*

Hartford Iron appears to rely on the final sentence of Rule 57: "The court may order a speedy hearing of a declaratory-judgment action." But since Rule 57 also specifies that a demand for jury trial under Rules 38 and 39 must be honored, the final sentence can't be read to mean the court can simply evade all other rules of civil procedure and declare that a trial will be conducted (by way of a "hearing") despite discovery remaining open — and in this case, despite the addition only four months ago of a raft of third-party defendants whose rights might be implicated by any declaratory judgment.

It seems most logical that just as the rest of Rule 57 says that all rules apply, and specifically mention Rules 38 and 39, the Rule's last sentence echoes the procedure provided for in Rule 42(b): "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When

3

ordering a separate trial, the court must preserve any federal right to a jury trial." So the court could, were it appropriate to do so, conduct a separate trial on Hartford Iron's claims for declaratory judgment before trying Valley Forge's claims.

But that isn't what Hartford Iron asked for. Hartford Iron's counterclaim/third party complaint (filed eighteen weeks ago) asserts eighteen claims for declaratory judgment against Valley Forge and seven third-party defendants. Hartford Iron's motion for hearing doesn't specify which of those eighteen claims it wants advanced for a speedy hearing, and the pleadings aren't yet closed with respect to most of the third-party defendants. Hartford Iron's motion seems to address matters that have arisen since it filed its counterclaim/third party complaint. Finally, Hartford Iron's motion requested a half-day hearing, while the status report filed last week anticipates a two-week trial.

Rule 57 allows the court to advance the trial of one or more declaratory judgment claims ahead of other claims in the case, but that's not what Hartford Iron asked for. Hartford Iron requested, and the court scheduled, a hearing to address what Hartford Iron sees as an emergency. As Valley Forge surmised in its response to the request for a hearing (doc. 201), the hearing is better seen as one addressing a request for preliminary injunctive relief.

The discussion can now turn toward Hartford Iron's objection. On September 28, Valley Forge moved to continue the October 22 hearing because an

4

essential witness (Kathleen Coyle) would be out of the country on a prepaid trip, arriving in California only on the evening before the October 22 hearing. Hartford Iron fired back two days later, arguing that:

- Valley Forge should have filed the motion earlier so the hearing could be advanced rather than delayed
- Ms. Coyle's arrival in the evening of October 21 would allow her to take a red-eye to Chicago and (somehow) on to South Bend in time for the afternoon hearing
- the motion doesn't explain why Ms. Coyle is essential
- Hartford Iron has a witness unavailable on the next possible date on the court's calendar
- the motion is "deeply prejudicial."

The court denied the motion to continue, while inviting a motion to allow Ms. Coyle to testify by videoconferencing shortly after the October 22 hearing. Valley Forge filed such a motion, and the court granted it. Ms. Coyle is now scheduled to testify, for no more than 30 minutes, by videoconference at 10:00 a.m. on October 29 (the judge to whom the case is assigned is attending the Judicial Panel on Multidistrict Litigation's Transferee Judges' Conference, so her testimony couldn't be scheduled earlier that week).

The court discovered this morning that Hartford Iron filed an objection on Friday to the court's order allowing Ms. Coyle to testify by videoconferencing.

5

Hartford Iron says the order allowing the videoconferenced testimony doesn't comply with Federal Rule of Civil Procedure 43(a). It doesn't have to do so. The opening clause of Rule 43(a) resolves the matter: "**In Open Court.** At trial . . .." Neither the October 22 in-court hearing nor the scheduled October 29 videoconferenced testimony are part of a trial. Rule 43(a) doesn't apply to those proceedings.

Just as the court scheduled the requested "Rule 57" hearing when Rule 57 didn't apply, the court has considered Hartford Iron's objections, not under the authority of Rule 43, but as appeals to the court's discretion. When so viewed, nothing in Hartford Iron's objections are persuasive.

- Hartford Iron argues again that the court should require Ms. Coyle to fly all night to a hearing scheduled for 1:15 p.m. EDT after arriving in San Diego from outside the country fifteen hours (or less) before the hearing. Testimony is more helpful to the court when received from reasonably well rested witnesses.

- Ms. Coyle *might* have made her travel reservations after the court scheduled the October 22 hearing, and she *might* have been able to shave a day or two off her trip. The time for those arguments — if ever there was a time — has passed.

- Ms. Coyle could testify by video from a court reporter's office in San Diego during the October 22 hearing. The court hasn't been informed

- of Ms. Coyle's full travel plans (and Hartford Iron doesn't report being, or asking to be, informed), but notes from the email exchange attached to Hartford Iron's motion that Valley Forge expects Ms. Coyle to testify from New Jersey. That suggests to the court that San Diego likely isn't Ms. Coyle's final destination.

- Ms. Coyle should be required to come to the courtroom in South Bend to testify on October 29. This suggestion is puzzling; the email attachments to the motion indicate that counsel for Hartford Iron wants to participate in the October 29 videoconference remotely. In any event, the court isn't persuaded that making a witness travel from New Jersey to South Bend for a half hour's testimony in a non-trial hearing is entirely consistent with Rule 1 of the Federal Rules of Civil Procedure (". . . and inexpensive determination of every action and proceeding.").

- Finally, Hartford Iron objects to any Valley Forge attorney being present in the room with Ms. Coyle as she testifies, "to prevent the possibility of express or inadvertent signaling of answers by counsel." The court has no basis on which to suspect that such signaling is likely, as Hartford Iron has given the court no such basis for suspicion. Hartford Iron's counsel is free to travel to New Jersey to be present in the room with Ms. Coyle and opposing counsel; Hartford

> Iron is free to hire someone at the location of the testimony — the testimony is limited to thirty minutes, after all — to watch for signaling. The court would even entertain a request, if supported by reason, to allow a third person, at Hartford Iron's expense, to video record Valley Forge's counsel during the testimony. But to the extent Hartford Iron argues that trickery will occur if Ms. Coyle doesn't testify in the absence of Valley Forge's counsel, the court is neither persuaded nor impressed.

The only persuasive point in Hartford Iron's objection is that Valley Forge has declined to discuss a stipulation about what Ms. Coyle would testify to. At the outset of the October 22 hearing, the court will invite Valley Forge to proffer what it expects to elicit from Ms. Coyle.

The court finds Hartford Iron's objection to be somewhat puzzling, overall. Hartford Iron asked for a hearing within six weeks to address what it saw as an emergency. Although Hartford Iron cited authority that didn't apply and didn't comply with the requirements for requests for emergency injunctive relief, the court scheduled the requested hearing within the requested time period. When Valley Forge asked for a delay because a key witness — one that even Hartford Iron says " works hand-in-glove with the litigation lawyers in this case" — would be out of the country until hours before the scheduled hearing, the court refused to delay the entire hearing, and approved an approach the court thought would

allow the witness to testify and the court to rule quickly, at minimal expense and inconvenience. Yet for reasons not clear to the court, Hartford Iron seems to think it is getting the short end of the stick.

The last two paragraphs lead to a greater concern of the court. The court draws neither of these inferences, but Hartford Iron's recent objections would easily support an inference that Hartford Iron is trying to drive up expense and inconvenience for Valley Forge and its witnesses, while a reading of the conduct that Hartford Iron reports would easily support an inference that Valley Forge is trying to delay these proceedings unnecessarily. Again, the court draws neither inference, but this state of affairs suggests that the days to come in this case might be improved if we all revisit the Seventh Circuit's Standards of Civility.

For all these reasons, the court OVERRULES Hartford Iron's objection and response under Federal Rule 43 to Coyle's video testimony (doc. 229). The court also orders all counsel for Valley Forge and all counsel for Hartford Iron to certify, by November 9, 2015, that they have read the Seventh Circuit's Standards of Civility after receiving this order.

SO ORDERED.

ENTERED: <u>October 19, 2015</u>

<u>　　/s/ Robert L. Miller, Jr.　　</u>
Robert L. Miller, Jr., Judge
United States District Court