# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **VALLEY FORGE INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-cv-00006-RLM-SLC |
| | ) |
| **HARTFORD IRON & METAL, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion to compel (DE 228) filed by Hartford Iron & Metal, Inc. ("Hartford Iron"), asking that the Court compel Valley Forge Insurance Company ("Valley Forge") to fully answer Interrogatory No. 1 in its Second Set of Interrogatories (DE 228-2 at 1). Because Hartford Iron failed to comply with Local Rule 37-1(a), the motion will be DENIED.

Local Rule 37-1(a) requires that "[a] party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." The certification shall include the date, time, and place of the conference or attempted conference and the names of all persons participating. N.D. Ind. L.R. 37-1(a).

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R Plating Corp.*, No. 1:08-CV-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (citation and internal quotation marks omitted); *see Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously, because '[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to

resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (alteration in original) (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

Here, Hartford Iron failed to comply with L.R. 37-1(a), as it did not file a separate certification stating that it had conferred in good faith or attempted to confer with Valley Forge in an effort to resolve the matter without court action. Instead, it attached to its motion a brief email string containing two emails from Hartford Iron and one response from Valley Forge. (DE 228-3).

"[T]wo emails . . . [typically] do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue." *Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-CV-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007); *see Imbody*, 2010 WL 3184392, at *1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-CV-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-CV-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference). In its second email, Hartford Iron suggested that Valley Forge's conduct regarding Interrogatory No. 1 constituted "bad faith evasion," and it asked that Valley Forge fully respond to the interrogatory within four hours. (DE 228-3). When Valley Forge did not do so in that time frame, Hartford Iron filed the motion to compel. (DE 233 ¶ 10).

Emails that "merely recite each parties' general stance on the issue rather than any type of bartering or negotiations" "does not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a)." *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 (MDL-1700), 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007). Although Hartford Iron's first email suggests that there may have been other communications between the parties (DE 228-3 at 1

2

("This will also request, *again*, CNA's response to the following interrogatory served September 11, 2015 . . . ." (emphasis added)), Hartford Iron has not described such communications to the Court in the separate certification that Local Rule 37-1(a) requires.

To reiterate, the "requirement to meet-and-confer must be taken seriously, because '[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Garcia v. Aartman Transp. Corp*., No. 4:08 cv 77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010) (alteration in original) (quoting *Robinson*, 453 F.3d at 994-95). "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).

Consequently, Hartford Iron's First Motion to Compel (DE 228) is DENIED. The motion can be renewed, if necessary, after counsel conduct a conference or Hartford Iron shows that a conference was attempted. *See Shoppell,* 2009 WL 2515817, at *2.

SO ORDERED.

Enter for the 4th day of November 2015.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge