UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| VALLEY FORGE INSURANCE COMPANY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 1:14-cv-00006-RLM-SLC |
| HARTFORD IRON & METAL, INC., *et al.*, | ) ) ) ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Before the Court is a motion to compel (DE 260) filed by Plaintiff Valley Forge Insurance Company ("Valley Forge"), seeking to compel nonparty Keramida, Inc. ("Keramida"), to comply with a document subpoena (DE 224-1) pursuant to Federal Rule of Civil Procedure 45. No response has been filed to the motion, and the time to do so has now passed. Because the motion to compel was filed in the wrong court, however, it will be denied.

To explain, the subpoena, which was issued by the Northern District of Indiana, was served to Keramida in Indianapolis, Indiana. The subpoena commanded the production of documents, electronically stored information, or objects at Hunt Suedhoff Kalamaros LLP, 6323 S. East Street, Indianapolis, Indiana, which is located in the Southern District of Indiana. (*See* DE 224-1 at 1).

Under Rule 45, "the court for the district where compliance is required is the proper venue for a motion to compel." *JMC Rest. Holdings, LLC v. Pevida*, No. 14 Civ. 6157 (WFK)(VMS), 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015) (citation omitted) ("The nonparty's interests are protected by having the court in which compliance is required—which per Rule 45(c), will be

a court local to the nonparty—handle disputes over compliance."). "Most courts look to the subpoena to determine where compliance is required." *Ellis v. Arrowood Indem. Co.*, No. 2:14-mc-00146, 2014 WL 4365273, at *3 (S.D. W. Va. Sept. 2, 2014) (citation omitted); *see Tomelleri v. Zazzle, Inc.*, No. 13-cv-02576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (stating that the "district where compliance is required" was the district in which the documents are to be produced).

Here, the subpoena directed Keramida to produce the subpoenaed documents in Indianapolis, Indiana, which is in the Southern District of Indiana. As a result, this Court does not have authority to rule on the motion to compel. *See, e.g.*, *Johnson v. Simmons*, No. 1:13CV205-HSO-RHW, 2015 WL 2155714, at *1 (S.D. Miss. May 7, 2015) (denying motion to compel where plaintiff was "attempting to enforce the subpoena in the wrong court"); *Bell, Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014) ("[U]pon a motion to compel production, 'the court for the district where compliance is required' *may* require compliance . . . ." (quoting Fed. R. Civ. P. 45(d)(2)(B)); *U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*, No. 3:11-cv-2843-M-BN, 2014 WL 4055372, at *1 (N.D. Tex. Aug. 15, 2014) (concluding that the court lacked the power to compel compliance with the subpoena because it required production of documents in another district).

In short, the motion to compel should have been filed in the Southern District of Indiana where compliance with the subpoena is required, rather than the Northern District of Indiana where the subpoena was issued. For this reason, Valley Forge's motion to compel compliance with the subpoena (DE 260) is DENIED.

SO ORDERED. Entered this 18th day of November 2015.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge