UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| VALLEY FORGE INSURANCE COMPANY, | ) |
|---|---|
| Plaintiff, | ) ) ) ) CAUSE NO. 1:14-CV-006-RLM-SLC |
| vs. | ) ) |
| HARTFORD IRON & METAL, INC. AND ALAN B. GOLDBERG (DBA HARTFORD METAL & IRON), | ) ) ) ) |
| Defendants. | ) |

OPINION and ORDER

The court denied plaintiff and counterclaim defendant Valley Forge Insurance Company's motion for partial summary judgment, holding that a conflict of interest prevented Valley Forge from exercising its contractual right to control the defense of its insured, defendant Hartford Iron. Valley Forge wants to appeal that denial without waiting until the end of this case, and to that end has moved for entry of partial final judgment or, alternatively, for certification of the issue for interlocutory appeal. For the reasons that follow, neither procedure is appropriate so the court denies Valley Forge's motion.

I. BACKGROUND

The factual background to this case is complex and known to the parties, so it need only be briefly sketched out here. Valley Forge issued a liability insurance policy covering Hartford Iron's scrap metal yard. When the scrap yard

was targeted by state and federal regulators for environmental violations, Valley Forge eventually agreed to cover the costs of both defending against the enforcement actions and remediating the site. The parties entered into a settlement agreement that gave Valley Forge had the right to control the remediation and defense. The parties disagreed on how best to fix the violations, leading to this protracted dispute in which each party brings breach of contract claims and accuses the other of preventing full remediation and running up unnecessary costs.

In addition to demanding damages for the runaway remediation costs and penalties incurred so far, both parties also sought declaratory relief to clarify their respective rights and obligations going forward. Hartford Iron argued that Valley Forge's suit for breach of contract created a conflict of interest because defense counsel tasked with representing Hartford Iron before the environmental regulators would be hired and controlled by Valley Forge – the same company attempting to blame Hartford Iron for the ongoing violations. Valley Forge moved for partial summary judgment, seeking a declaration that it – not Hartford Iron – retains the right to control both the remediation and the defense to the environmental enforcement actions. Hartford Iron opposed the motion, but didn't itself move for summary judgment on the issue of who has control rights. The court issued an opinion holding that Valley Forge's lawsuit for damages against Hartford Iron created a conflict of interest that prevents Valley Forge from controlling the defense and remediation under Indiana law; Valley Forge's adversarial posture towards Hartford Iron in this lawsuit means that any

attorney paid by and answering to Valley Forge would have his or her representation of Hartford Iron materially limited, in violation of Indiana's attorney ethics rules. The court therefore denied Valley Forge's summary judgment motion.

## II. DISCUSSION

Valley Forge disagrees with the court's ruling, but can't appeal yet. Under the Federal Rules of Civil Procedure, an order that resolves fewer than all the claims in an action is interlocutory, and may be revised at any time before final judgment. Fed. R. Civ. P. 54. Accordingly, an order such as the court's denial of Valley Forge's partial summary judgment motion – which resolved some issues in this case, but not all – isn't final and so isn't ordinarily appealable. *See* Ahrenholz v. Bd. of Trustees of Univ. of Illinois, 219 F.3d 674, 676 (7th Cir. 2000) ("A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable."). By the time this case is over, Valley Forge argues, the site itself will likely have been fully remediated and any question of who has the right to control that remediation will be moot. Accordingly, Valley Forge asks that the court take the unusual step of permitting an immediate appeal of the summary judgment denial by either entering partial final judgment under Rule 54(b) or certifying the control issue for interlocutory appeal under 28 U.S.C. § 1292(b).

*A. Partial Final Judgment under Rule 54*

Rule 54(b) provides that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Entry of partial final judgment under Rule 54 allows a party to appeal a distinct claim, while other claims remain active and move forward. *See* <u>Ty, Inc. v. Publications Int'l</u>, 292 F.3d 512, 515 (7th Cir. 2002). The Rule permits entry of partial final judgment only "when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." <u>Factory Mut. Ins. Co. v. Bobst Group USA, Inc</u>., 392 F.3d 922, 924 (7th Cir. 2004). The Rule "is not intended to provide an option to the district court to certify issues for interlocutory appeal," but rather "allows appeal without delay of claims that are truly separate and distinct from those that remain pending." <u>Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies</u>, 408 F.3d 935, 939 (7th Cir. 2005).

"There are no bright-line rules for determining whether two claims are separate for Rule 54(b) purposes," and courts instead look to the practical overlap between the claims on which final judgment is sought and the claims still pending. <u>Marseilles Hydro Power, LLC v. Marseilles Land & Water Co</u>., 518 F.3d 459, 464 (7th Cir. 2008). A claim that involves largely the same facts as others that remain pending isn't a "separate" claim for which partial final judgment is appropriate. <u>Ty, Inc. v. Publications Int'l</u>, 292 F.3d at 515; *see also* <u>Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co</u>., 189 F.3d 512, 516 (7th Cir. 1999) (noting that Rule 54(b) properly applies only to "separate" claims, with "'separate' meaning having minimal factual overlap."); <u>Horwitz v. Alloy Auto. Co</u>.,

957 F.2d 1431, 1434 (7th Cir. 1992) ("If there is a great deal of factual or legal overlap between counts, then they are considered the same claim for Rule 54(b) purposes."). This limitation is intended to conserve judicial resources; requiring that claims be truly separate works "to spare the court of appeals from having to keep relearning the facts of a case on successive appeals." Indiana Harbor Belt R. Co. v. Am. Cyanamid Co., 860 F.2d 1441, 1444 (7th Cir. 1988) (quoting Jack Walters & Sons Corp. v. Morton Bldg., Inc., 737 F.2d 698, 702 (7th Cir. 1984)).

Entry of partial final judgment under these circumstances would be improper, because the declaratory judgment issue the court resolved in the summary judgment order isn't "separate" for Rule 54 purposes; it overlaps substantially with other claims in the case that remain active. The issue of who has the right to control the defense is inextricably bound up with the question of which party breached which obligations under the contract, a question that remains pending in this litigation. In fact, the conflict of interest issue Valley Forge wishes to appeal underlies nearly every facet of the parties' increasingly complex dispute, including all five of the counts in Valley Forge's complaint.

Count I seeks a declaration that Hartford Iron's conduct breached the settlement agreement by cooperating insufficiently with the defense counsel and environmental consultant Valley Forge selected, and by refusing to communicate with Valley Forge's attorneys. The extent to which Hartford Iron was obligated to cooperate with the remediation and defense plan chosen by Valley Forge depends in large part on whether Valley Forge had the right to control the remediation and defense. Count II seeks a declaration that Hartford Iron breached the

contract by denying Valley Forge's environmental contractors access to the scrap yard. Again, whether Hartford Iron breached an obligation to cooperate in Valley Forge's remediation plan hinges on whether Valley Forge had the right to select those contractors and guide the remediation efforts in the first place. The other counts present the same problem: Valley Forge claims that specific acts and omissions by Hartford Iron breached the agreement, but whether that is true depends at least in part on how the rights created by the agreement changed due to the subsequent conflict of interest.

Accordingly, allowing an interlocutory appeal on the issue of whether a conflict of interest abrogated Valley Forge's control rights would waste judicial resources on appeal. The facts an appellate court must grapple with to understand the control question include: the terms of the insurance policies and the 2012 settlement agreement; the tangled history of the parties' communications with each other, the environmental consultants, and the enforcement agencies; and the repeated hiring and replacement of defense counsel. All of that background bears on the existence of the conflict of interest, and all of it would have to be revisited were the case to come back to an appellate court after resolution of the other claims.

Moreover, even if the issue resolved by the court's summary judgment order didn't overlap with the other claims in Valley Forge's complaint, it still wouldn't be eligible for partial final judgment under Rule 54(b) because it mirrors unresolved claims in Hartford Iron's countercomplaint. "[T]wo claims are not separate for purposes of Rule 54(b) merely because one is in the complaint and

the other in the countercomplaint." In re Berke, 837 F.2d 293 (7th Cir. 1988). Where the mirror image of a claim from the complaint is still unresolved in a counterclaim, "the condition for the entry of a final judgment under Rule 54(b) is not satisfied and [the court of appeals has] no appellate jurisdiction over a decision disposing of just the complaint." Automatic Liquid Packaging, Inc. v. Dominik, 852 F.2d 1036, 1037 (7th Cir. 1988). The court denied Valley Forge's motion for summary judgment, finding that Valley Forge doesn't have the right to control the remediation and defense of the scrapyard due to the conflict of interest. Count 16 of Hartford Iron's countercomplaint, however, seeks damages allegedly arising from the conflict of interest as well as a declaration that Hartford Iron has the right to designate defense counsel, control the defense, and retain and supervise environmental contractors. Because Hartford Iron didn't move for summary judgment, this counterclaim is still pending and is the mirror image of the relief sought by Valley Forge. As the claim and counterclaim are mirror images, they are the same claim for Rule 54(b) purposes and partial final judgment isn't available unless both have been resolved.

Finally, Rule 54(b) only permits, and doesn't mandate, entry of final judgment. "The judge is required to make a discretionary judgment, balancing the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided in a single appeal at a later time." Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 518-519 (7th Cir. 1999). So even if the right-to-control issues qualified as separate claims eligible for Rule 54(b) partial final

judgment, the court wouldn't grant Valley Forge's motion. Piecemeal appeals are heavily disfavored in the federal courts. *See* Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (noting "the historic federal policy against piecemeal appeals"). In addition, Valley Forge's proposed interlocutory appeal would require grinding this long-running litigation to a halt. As already discussed, resolving the remaining claims – deciding who breached what duties under the settlement agreement, and who is to blame for the remediation woes – depends on whether a conflict of interest caused Valley Forge to lose its bargained-for right to control. Therefore, if the court's findings as to the conflict of interest are on appeal, no other part of this case can be resolved for fear of inconsistent verdicts.

The interdependence of the many disputes in this litigation mean that claims can't be neatly segregated in the way Rule 54(b) contemplates, so partial final judgment to permit an immediate appeal isn't appropriate.

*B. Certification for Interlocutory Appeal*

In the alternative to entry of partial final judgment under Rule 54, Valley Forge asks for certification of the control issue for interlocutory appeal under 28 U.S.C.A. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would

> have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

To certify an order under the statute: there must be a question of law, that question must be controlling, it must be contestable, and answering the question must promise to speed up the litigation. *See* Ahrenholz v. Bd. of Trustees of Univ. of Illinois, 219 F.3d 674, 675-676 (7th Cir. 2000). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order … for an immediate appeal under section 1292(b)." Id. (emphasis in original).

The partial summary judgment ruling isn't eligible for certification under § 1292(b). As an initial matter, the term "question of law" in the statute has a very narrow meaning: it refers only to "a question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." Boim v. Quranic Literacy Institute & Holy Land Foundation for Relief and Development, 291 F.3d 1000, 1007 (7th Cir. 2002). Interlocutory review is appropriate only for "a 'pure' question of law," meaning something that "the court of appeals could decide quickly and cleanly without having to study the record." Ahrenholz v. Bd. of Trustees, 219 F.3d at 677.

The question of law Valley Forge seeks to challenge is "whether a conflict exists for defense counsel, and, if so, whether that conflict limits Valley Forge's bargained-for rights" under the parties' contracts. That isn't on its face a question regarding the meaning of a statute, regulation or common law doctrine. Valley Forge isn't asking the appellate court to interpret of a bare statute or

contract term; it's asking for a judgment as to how Indiana law governing conflicts of interest applies to the convoluted factual and procedural history of this particular case. Application of the conflict rules to these facts isn't a pure question of law for purposes of § 1292(b). *See* In re Text Messaging Antitrust Litigation, 630 F.3d 622, 626 (7th Cir. 2010) (noting that "routine applications of well-settled legal standards to facts alleged in a complaint" aren't appropriate for interlocutory appeal).

As the court's summary judgment order made clear, whether a conflict of interest exists depends on whether Valley Forge's control of the regulatory defense and the remediation has the potential to influence this litigation between the parties. Answering that question requires an inquiry into the nature of both the underlying environmental enforcement actions by IDEM and the course of the insurance and contract disputes between the parties – and Valley Forge's conduct in the remediation and defense thus far is clearly relevant. Because the legal ruling underlying the court's denial of summary judgment was at least partially bound up in the facts of the case, it isn't appropriate for interlocutory appeal. *See* Dahlstrom v. Sun-Times Media, LLC, 777 F.3d 937, 941 n.3 (7th Cir. 2015) (declining to reach an issue in part "because it poses a mixed question of law and fact unsuitable for interlocutory review").

Even if the conflict of interest and control issues that formed the basis of the court's summary judgment order qualify as pure questions of law, Valley Forge hasn't shown that interlocutory appeal would materially advance the ultimate termination of this case. The only argument Valley Forge provides is

that "[i]f granted on appeal, the declaratory relief that Valley Forge seeks would speed up the litigation by providing a final determination of a critical issue, removing it from dispute well in advance of final judgment." Even if the court of appeals were to reverse the denial of Valley Forge's summary judgment motion, the lions' share of the case – three of Valley Forge's four declaratory judgment counts, Valley Forge's breach of contract count, and all but one of Hartford Iron's 25 counterclaims and third-party claims – would remain for trial. The question of who has the right to control the remediation and defense is certainly relevant to many of those claims (as already discussed), but it isn't dispositive as to any of them. And because the control issues are so inextricably intertwined with essentially all the claims and counterclaims that remain pending, an interlocutory appeal would mean that this litigation would grind to a halt while the court and parties waited an indeterminate amount of time for a ruling from the court of appeals. Accordingly, certification would delay rather than expedite the resolution of this case, regardless of the outcome of the interlocutory appeal.

*C. Motion for Hearing*

Valley Forge also moved for a hearing on the issues raised in its motion for entry of judgment. Because the parties' briefs were thorough and helpful, the court was able to decide the issue without the benefit of oral argument and a hearing is unnecessary.

III. Conclusion

For these reasons, the court DENIES Valley Forge's motion for entry of judgment (Doc. No. 322) and DENIES Valley Forge's motion for a hearing (Doc. No. 377).

SO ORDERED.

ENTERED:  March 30, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court