**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| **VALLEY FORGE INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CAUSE NO. 1:14-cv-00006-RLM-SLC** |
| ) | |
| **HARTFORD IRON & METAL, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is a Motion for Protective Order (DE 302; DE 368)[1] filed by Valley Forge Insurance Company ("Valley Forge"), asking that the Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) with respect to a copy of an email inadvertently produced in discovery to Defendants Hartford Iron & Metal, Inc., and Alan B. Goldberg (together, "Hartford Iron") that Valley Forge claims is protected by the attorney-client privilege and the work product doctrine. Valley Forge states that two other copies of this email had been identified, logged as privileged, and withheld from its document production to Hartford Iron. (DE 302 at 2; DE 368 at 2). Hartford Iron opposes the motion for protective order, which is now fully briefed.[2] (DE 324; DE 347; DE 366). For the following reason, Valley Forge's motion will be denied without prejudice.

Rule 26(c) provides that "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R.

---

[1] The record contains a redacted version of the motion (DE 368), as well as an unredacted version of the motion filed under seal (DE 302).

[2] Also pending is Hartford Iron's motion to strike (DE 350) an exhibit attached to Valley Forge's reply brief (DE 347-1). Valley Forge did not file a response to the motion to strike, and its time to do so has now passed.

Civ. P. 26(c)(1); *see also* N.D. Ind. L.R. 37-1(a) (adding a requirement that a party filing any discovery motion must file a "separate certification" stating "(1) the date, time, and place of any conference or attempted conference; and (2) the names of the parties participating in the conference"). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Hartford v. Schindler Elevator Corp.*, No. 1:09-cv-132, 2010 WL 5463293, at *1 (N.D. Ind. De. 29, 2010) (quoting *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010)). "A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody*, 2010 WL 3184392, at *1 (citation and internal quotation marks omitted); *see also Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted).

In an effort to demonstrate that it in good faith conferred or attempted to confer with Hartford Iron, Valley Forge states in its Local Rule 37-1 certification that it sent two emails to Hartford Iron, one on November 19, 2015, and the other on November 20, 2015. (DE 302-1; DE 302-3; DE 302-8; DE 368-1; DE 368-3; DE 368-8). But as the Court previously explained in this suit (DE 262 at 2), "two emails . . . [typically] do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue." *Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-CV-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007); *see Imbody*, 2010 WL 3184392, at *1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-CV-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-CV-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference). Emails that "merely

2

recite each parties' general stance on the issue rather than any type of bartering or negotiations" "do[] not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a)." *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 (MDL-1700), 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007).

"The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)). Although the parties' communications subsequent to the filing of this motion reflect some willingness to meet and confer (whether in person or telephonically) in an attempt to resolve this discovery issue (DE 324-1; DE 324-2; DE 366-1; DE 366-2), there is no evidence that they have ever actually done so.

Consequently, Valley Forge's Motion for Protective Order (DE 302; DE 368) is DENIED, with leave to refile, if necessary, after Valley Forge shows that it has in good faith conferred or attempted to confer with Hartford Iron in an effort to resolve this discovery dispute without court action.[3] *See Shoppell,* 2009 WL 2515817, at *2. Considering that the dispute involves solely the inadvertent production of one copy of an email, *see* Fed. R. Civ. P. 26(b)(5)(B), where two other copies of the email had already been logged as privileged and withheld from document production, and considering that both parties have expressed a willingness to meet and confer about the matter, the Court reasonably anticipates that additional effort by the parties could lead them to a resolution without court intervention.

SO ORDERED. Enter for the 8th day of April 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge

---

[3] Additionally, Hartford Iron's Motion to Strike (DE 350) is DENIED without prejudice.