UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| VALLEY FORGE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 1:14-CV-6-RLM-SLC |
| HARTFORD IRON & METAL, INC. and ALAN B. GOLDBERG (DBA HARTFORD METAL & IRON), | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION and ORDER

Defendant and counterclaim plaintiff Hartford Iron moves for a declaration of rights and asks the court to "fashion remedies" implementing the court's December 2015 order denying Valley Forge's motion for partial summary judgment.

Hartford Iron's motion chiefly concerns the storm water control system environmental contractor Keramida, Inc. has proposed. Keramida developed plans for a storm water control basin to resolve the ongoing environmental violations at Hartford Iron's scrap yard, and the Indiana Department of Environmental Management approved the Keramida plan. Hartford Iron negotiated payment and work terms with Keramida, and submitted those terms to its insurer Valley Forge. Hartford Iron demands that Valley Forge immediately fund the Keramida system on the terms that Keramida and Hartford Iron reached. Valley Forge concedes that the Keramida plan might be an appropriate

remediation measure, and accepts that it has the obligation to fund the Keramida system on commercially reasonable terms. But Valley Forge objects to several of the payment terms Hartford Iron and Keramida propose, and wants to add additional terms (such as mandatory arbitration of disputes and the work proceeding on a "cost-not-to-exceed" basis) before paying for the system.

This is the third time Hartford Iron has asked the court to step in and declare the parties' rights regarding site remediation projects. In February 2015, Hartford Iron responded to Valley Forge's motion for a preliminary injunction by filing a "cross-motion for declaration of defense rights" asking the court to declare that Hartford Iron had the right to direct the site remediation – including the Keramida plan. That motion didn't specify a legal basis for the court to grant the relief Hartford Iron sought, so the court struck the motion on its own motion. The court noted that while the Declaratory Judgment Act permits a court to declare the rights of interested parties upon "an appropriate pleading," Hartford Iron's cross-motion wasn't a pleading under the Federal Rules of Civil Procedure and the issues it raised were outside the scope of the preliminary injunction hearing.

Hartford Iron tried again in September 2015, filing an emergency motion for declaratory judgment regarding the Keramida system and asking for a hearing. The court held a hearing on October 22, but didn't reach the merits of Hartford Iron's request for declaratory judgment because the request was procedurally improper. Hartford Iron suggested that the Declaratory Judgment

Act gave the court freestanding authority to declare the rights of the parties outside a summary judgment or preliminary injunction context, but the court disagreed and noted that Hartford Iron hadn't identified any procedural framework or legal standard that the court could apply in resolving a declaratory judgment claim prior to trial.

Now Hartford Iron is back for a third try, again asking that the court order Valley Forge to immediately fund the Keramida system on Hartford Iron's preferred terms. After denying Hartford Iron's last motion for declaratory relief, the court denied Valley Forge's motion for summary judgment and held that a conflict of interest prevents Valley Forge from controlling the defense or remediation of the scrap yard as a matter of law. Hartford Iron points to this ruling as a basis for the court to resolve the Kermida dispute once and for all: because Valley Forge can't control the remediation, Hartford Iron must have the right to pursue remediation on its own at Valley Forge's expense. So Hartford Iron seeks a declaration that: (1) it may take commercially reasonable steps to implement the Keramida system at Valley Forge's expense; (2) it may enter into a second Agreed Order with IDEM to resolve the enforcement actions related to the most recent stormwater discharges; and (3) Valley Forge must set up an ethical wall to separate staff paying for the Keramida system from anyone involved in this litigation (and anyone who has communicated with anyone involved in this litigation). Because the court's summary judgment order found that a conflict of interest prevents Valley Forge from controlling the remediation,

Hartford Iron argues, the right to make decisions about the Keramida system falls to Hartford Iron by default and further declaratory relief is needed to effectuate that right.

As with its prior two motions seeking declaratory judgment, Hartford Iron's new motion doesn't clearly identify a legal basis for the relief it requests. Instead of moving for summary judgment, seeking a preliminary injunction, or taking some other procedurally familiar step to secure the relief it wants, Hartford Iron simply asks for relief and suggests three alternative "lights" in which the court could consider its motion: as a request for the court to "fashion remedies" as permitted by the Declaratory Judgment Act, as a motion for partial summary judgment on portions of Hartford Iron's declaratory judgment counterclaims, or as a motion for clarification of the parties' legal standing brought with Valley Forge's consent. Rather than responding to the motion directly, Valley Forge opposed Hartford Iron's request by filing two motions of its own. The first Valley Forge motion asks the court to strike Hartford Iron's motion. The second asks the court to deny Hartford Iron's motion or, if the court construes Hartford Iron's motion as a motion for partial summary judgment, to give Valley Forge time to conduct additional discovery under Rule 56(d).

Hartford Iron's motion is procedurally improper. Hartford Iron asks for relief without clearly identifying a legal basis for the court to grant that relief, leaving the court without an articulated standard to apply in considering the motion. Suggesting three legal "lights" in which the court might construe a

motion and then making general arguments without reference to any particular standard is as unhelpful as suggesting no basis for decision at all.[1] A party can't be permitted to simply throw standards at the wall to see what sticks, because doing so forces the court and the opposing party to litigate a movant's case for him in wrestling an amorphous bundle of facts and arguments into a precise legal question. Such a strategy is particularly unacceptable here: the court has previously denied Hartford Iron's procedurally improper motions and admonished Hartford Iron's counsel for failing to litigate within the framework recognized by the Federal Rules of Civil Procedure.

That fact alone justifies striking or denying Hartford Iron's motion. Even if the court were to consider each of the three "lights" in the alternative, none of them gives the court the authority to provide the relief Hartford Iron seeks. The first "light" suggests that the court should exercise its discretion to "fashion a remedy" that gives effect to the summary judgment order, as permitted under the Declaratory Judgment Act. That statute provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

---

[1] Compounding the confusion, Hartford Iron suggests that because it requests three different declarations, "the Court may reasonably find it appropriate to apply different standards to them" – considering one of the three under the summary judgment standard but another under a more lenient discretionary standard for declaratory relief, for example. Hartford Iron offers no examples of a court taking this novel approach, and the court declines to blaze that trail.

Hartford Iron doesn't suggest what standard the court could apply in entertaining a freestanding motion for declaratory relief – aside from insisting that the court "may consider all evidence, disputed or not, in the discretionary fashioning of remedies to implement the Opinion and Order." Who bears the burden of proof? What forms of evidence may the court consider? Must Hartford Iron show entitlement to relief by clear and convincing evidence, a preponderance standard, or something else? That Hartford Iron's motion leaves all these questions unanswered is a powerful indication that the motion rests on treacherous legal footing.

Even had Hartford Iron adequately articulated a workable standard the court could apply, the Declaratory Judgment Act simply doesn't empower the court to take the action Hartford Iron seeks. As explained in the denials of Hartford Iron's previous two requests for declaratory relief, the plain language of the statute provides for a declaration of rights only upon the filing of an appropriate *pleading*. Federal Rule of Civil Procedure 7 defines "pleading" to include exclusively complaints, third-party complaints, counterclaims, and responses or answers to those filings; independent motions for declaratory judgment aren't contemplated by the Rules. Read in the context of Rule 7, the Declaratory Judgment Act doesn't create a new procedural vehicle through which judges can unilaterally declare the rights of parties. Instead it merely makes declarations of rights an available form of *relief*, like money damages or injunctions. And like a claim for money damages or injunctive relief, a claim for

declaratory judgment must follow the familiar adversarial procedures beginning with a well-pleaded complaint and continuing through summary judgment and trial – including a right to a jury determination of disputed facts. *See* Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) (noting that 28 U.S.C. § 2201(a) "while allowing prospective defendants to sue to establish their nonliability, specifically preserves the right to jury trial for both parties."). A freestanding motion for a judicial declaration of rights unmoored to any procedure recognized by the Federal Rules – whether styled as a motion for declaratory judgment or a motion "to fashion remedies" – isn't available. *See* 10B WRIGHT, MILLER & KANE, FED. PRAC. AND PROC. CIV. § 2768 (3d ed. 1998) (noting that "the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions").

Hartford Iron identifies no case in which a court has taken the usual procedural step it requests. The two cases it relies on for the proposition that a district court has discretion to "fashion remedies" under the Declaratory Judgment Act don't support Hartford Iron's position. In the first, Allstate Ins. Co. v. Das, 86 F. Supp. 3d 716 (E.D. Mich. 2015), a court granted declaratory relief on a motion for summary judgment – not as part of a freestanding proceeding to "fashion a remedy." The second, Cincinnati Ins. Co. v. AMSCO Windows, 921 F. Supp. 2d 1226 (D. Utah 2013) also employed the familiar summary judgment framework; the court's language about fashioning a remedy referred to the court's discretion as to the precise form a declaration takes, not flexibility in the

procedural mechanisms or legal standard the court applied. In any case, the law is clear that declaratory relief is available only through the usual procedural vehicles, *not* on a freestanding motion by a party. *See* Centrifugal Acquisition Corp. v. Moon, No. 09-C-327, 2010 WL 152074, at *1 (E.D. Wis. Jan. 14, 2010) (denying motion for declaratory relief and explaining that "the motion is procedurally improper because there is no such thing as a motion for declaratory relief."); *see also* Kam–Ko Bio–Pharm Trading Co., Ltd. v. Mayne Pharma (USA) Inc., 560 F.3d 935, 943 (9th Cir. 2009) ("A party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment.") (emphasis in original).

Hartford Iron seems to want the court to simply halt a case in the middle of discovery and resolve one or more of the claims from Hartford Iron's countercomplaint. The Rules provide two mechanisms for doing exactly that: summary judgment or a preliminary injunction. Hartford Iron's motion seeks to attain a similar result without having to show that no disputed facts exist, or that the stringent standards governing preliminary injunctions apply. Such a procedure isn't authorized by statute, and it would almost certainly be reversible error for the court to employ it. *See* Saudi Basic Indus. Corp. v. Exxon Corp., 364 F.3d 106, 110-113 (3d Cir. 2004) (referring to the district court's order enforcing a stipulation in a declaratory judgment action as "effectively an injunction" and holding that "it was a clear mistake for the District Court not to

have required ExxonMobil, the moving party, to prove the requisites for granting an injunction.") (internal quotation marks omitted).

The other two "lights" Hartford Iron suggests for its motion are no better. Hartford Iron states in conclusory fashion that there are no material facts in dispute, and therefore "[b]eyond a fashioning of remedies, the present motion thus may also be considered as a further motion in this case for a declaration of rights on partial summary judgment." Hartford Iron's motion makes no further mention of the summary judgment standard, which requires a movant to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In fact, the motion explicitly *disclaims* reliance on a summary judgment standard by insisting that the court "may consider all evidence, disputed or not." Hartford Iron's statement of facts doesn't differentiate between facts that Hartford Iron contends are undisputed and factual disputes it concedes exist but believes the court should resolve in its favor. As such, to the extent the court construes the motion as one for partial summary judgment, it fails to satisfy Hartford Iron's obligations under the Local Rules. *See* N.D. Ind. Local Rule 56.1 (requiring that a brief supporting a summary judgment motion "identif[y] the facts that the moving party contends are not genuinely disputed").

To the extent that the court might construe the motion as one for summary judgment *and* overlook the motion's noncompliance with the Local Rules, it can be quickly denied on the merits. The court's earlier order denying partial

summary judgment to Valley Forge represented a limited holding that Valley Forge can't exercise control over the defense or remediation. Despite Hartford Iron's protestations to the contrary, it doesn't necessarily follow that Hartford Iron inherits that control, and it doesn't empower Hartford Iron to demand any specific action on Valley Forge's part; Valley Forge could comply with the court's ruling, for example, by arranging for a truly independent third party to manage the defense and remediation at Valley Forge's expense rather than accepting Hartford Iron as sole decisionmaker. Accordingly, it is far from undisputed that Hartford Iron is entitled to the specific billing procedures it demands. Moreover, even if Valley Forge is obligated to fund the Keramida plan specifically, that obligation only extends to commercially reasonable terms. There remain material disputes about whether the terms Hartford Iron negotiated with Keramida are commercially reasonable – and, if so, whether the additional terms Valley Forge wants added to the contract are commercially unreasonable.

Finally, Hartford Iron's third "light" involves Valley Forge's consent. Hartford Iron suggests that Valley Forge already agreed that the court should declare the rights of the parties when it sought the court's guidance in the course of the prior preliminary injunction and summary judgment proceedings. There are three problems with this suggestion. First, Valley Forge doesn't consent; it has vigorously opposed Hartford Iron's repeated motions seeking declaratory judgment and consistently argued that the court has no authority to grant the relief Hartford Iron seeks. The fact that Valley Forge previously asked the court

to resolve *other* declaratory relief claims through a recognized procedural framework doesn't mean Valley Forge consents to the court making further rulings outside such a framework. Hartford Iron cites no authority for the proposition that once a party has asked a court to rule on a claim for declaratory relief, it has irrevocably consented to any further declaratory relief proceedings even if procedurally improper. Second, even if Valley Forge consented, it wouldn't matter – such consent couldn't expand a court's powers beyond what federal law permits. Hartford Iron has cited no statute or case to suggest that a court can adjudicate claims outside the procedures contemplated by the Federal Rules, even by agreement of the parties. Third, even if the court were empowered to adjudicate these issues it couldn't do so without a workable standard to apply. Hartford Iron's motion argues that the court can resolve these issues by consent of the parties but gives no hint what standard would apply were the court to do so.

Accordingly, none of the three "lights" Hartford Iron suggests for its motion provides a procedurally proper mechanism for the court to grant Hartford Iron the relief it seeks. Because the court denies Hartford Iron's motion as procedurally improper, Valley Forge's two responsive motions – a motion to strike Hartford Iron's motion and a motion asking for additional time to complete discovery if the court construes Hartford Iron's motion as one for partial summary judgment – are moot. The court has already admonished Hartford Iron about bringing motions without identifying a recognized legal basis for them, and

won't do so again. Any future motions by Hartford Iron must clearly identify a recognized procedural basis for the motion and the specific legal standard it asks the court to apply. Motions that don't do so will be summarily stricken and Hartford Iron's counsel will be given an opportunity to show cause why sanctions shouldn't be imposed.

For the reasons stated above, the court DENIES Hartford Iron's motion to declare rights and fashion remedies (Doc. No. 372) and DENIES AS MOOT Valley Forge's motion to strike (Doc. No. 379) and motion under Rule 56(d) (Doc. No. 380).

SO ORDERED.

ENTERED: <u>April 19, 2016</u>

<u>        /s/ Robert L. Miller, Jr.        </u>
Judge
United States District Court