UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| VALLEY FORGE INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 1:14-cv-00006-RLM-SLC |
|  | ) |  |
| HARTFORD IRON & METAL, INC., *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# OPINION AND ORDER

Before the Court is a motion to amend (DE 525) filed by Plaintiff Valley Forge Insurance Company ("Valley Forge"), seeking leave to file a third amended complaint "to add an additional party and to streamline the pleading" in this almost three-year-old case. (DE 525 at 1). Defendants Hartford Iron & Metal, Inc. ("Hartford Iron"), and Alan B. Goldberg doing business as Hartford Iron & Metal ("Goldberg") oppose the motion on the grounds of undue delay, undue prejudice, and futility. (DE 569). The motion is now ripe for ruling. (DE 575; DE 576-1; DE 577). For the following reasons, Valley Forge's motion to amend will be DENIED.

### *A. Factual and Procedural Background*

Valley Forge filed this suit against Hartford Iron and Goldberg (together, "Defendants") on January 10, 2014, claiming that Defendants had breached a settlement agreement entered into by the parties in December 2012 that purported to settle the parties' respective rights and duties under certain insurance contracts relating to an environmental dispute. (DE 1). The factual background of this case is very complicated and known to the parties, and thus, the Court will not set forth a detailed factual summary here.

The docket entries now exceed 600 in this case, and this litigation has been contentious

since the outset. The District Judge has ruled on various dispositive motions, including motions to dismiss, a motion for partial summary judgment, and a motion seeking injunctive relief, and 17 third-party defendants have been added and since terminated. (*See, e.g.*, DE 58; DE 298; DE 305; DE 375; DE 415; DE 430; DE 439; DE 449; DE 469; DE 504; DE 564; DE 581). An amended motion for partial summary judgment is currently pending before the District Judge. (AR 514).

The Court conducted an initial preliminary pretrial conference on April 21, 2015, and set a discovery deadline of April 21, 2017. (DE 72). The Court held a further preliminary pretrial conference on June 1, 2016, affirming the discovery deadline of April 21, 2107, and setting the following deadlines: July 1, 2016, for Rule 26(a)(1) initial disclosures; January 3, 2017, for Rule 26(a)(2) disclosures by Valley Forge; January 31, 2017, for Rule 26(a)(2) disclosures by Defendants; February 28, 2017, for rebuttal experts; September 30, 2016, for Valley Forge to seek leave to amend the pleadings or join additional parties; and October 31, 2016, for Defendants to seek leave to amend the pleadings or join additional parties. (DE 463). A scheduling conference before the District Judge is set for January 18, 2017, for the purpose of determining dispositive motion deadlines and a trial schedule.

Specifically as to amendments to the pleadings, Valley Forge first amended its complaint on January 21, 2014, shortly after filing this suit. (DE 6). Valley Forge filed a second amended complaint with leave of Court on April 22, 2015. (DE 73; DE 74). Valley Forge then filed a third motion to amend (DE 281) on November 24, 2015; however, it later withdrew the motion (DE 344; DE 349) following the Court's ruling on its motion for partial summary judgment on the issue of control and remediation (DE 298).

2

Valley Forge filed the instant motion to amend (DE 525) on September 30, 2016, and it became ripe for ruling on November 24, 2016 (DE 569; DE 575; DE 576-1; DE 577).

### B. *Applicable Legal Standard*

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted). "The court 'should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743 (citation omitted); *see Foman*, 371 U.S. at 182; *Ind. Funeral Dirs. Ins. Tr. v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003) ("[C]ourts may deny an amendment for undue delay, bad faith, dilatory motive, prejudice, or futility." (citation omitted)).

### C. *Discussion*

Valley Forge's stated purpose for seeking to file a third amended complaint is two-fold: "to add an additional party and to streamline the pleading." (DE 525). As to the first stated purpose, Valley Forge seeks to name Goldberg Properties, Inc. ("GPI"), the owner of the Hartford Iron environmental site at issue and Hartford Iron's current landlord, as an additional defendant.

Valley Forge contends that it has learned through discovery that GPI is the owner of the environmental site and Hartford Iron's current landlord, and that GPI should bear responsibility

for some or all of the environmental contamination issues at the site. Valley Forge emphasizes that its motion to amend is timely, as it was filed on September 30, 2016, its last day to seek leave to amend its pleadings. It further asserts that the proposed amended complaint "cannot reasonably be said to unfairly surprise or prejudice Defendants." (DE 525 at 2).

Valley Forge contends that it first learned of GPI through discovery, emphasizing that Defendants failed to disclose GPI in their Rule 26(a)(1) initial disclosures, which Valley Forge finds inexplicable considering that Hartford Iron and GPI have the same executive officers—Alan Goldberg as president and Scott Goldberg as vice president.[1] (DE 575 at 5). In response, Hartford Iron is silent as to its initial disclosures, but it emphasizes that Valley Forge should have been aware of GPI's ownership interests at least as early as March 2015 when August Mack Environmental, Inc., identified GPI as a "listed owner" of the site in an email sent to Defendants' attorney and copied to Valley Forge's claim handler and litigation counsel. (DE 569-1).

The Court finds that Valley Forge has unduly delayed in seeking to name GPI as an additional defendant. Setting aside the parties' spats about Defendants' Rule 26(a)(1) disclosures and August Mack's March 2015 e-mail, ownership of land is information that is publicly available. Valley Forge never offers an explanation as to why it did not simply look up the ownership information in the public records prior to filing its complaint. "[R]esponsible counsel is required to make reasonable inquiry . . . . It is obvious that, in this case, [Valley

---

[1] Valley Forge additionally contends in its reply brief that Defendants have yet to produce an assignment (DE 522-2) that Goldberg executed in September 2013 in which he allegedly assigned his interests in the insurance contracts and settlement agreements to GPI. (DE 575 at 5). Valley Forge's proposed amended complaint, however, does not plead allegations based on GPI's status as Goldberg's purported assignee. Rather, Valley Forge's allegations are based on GPI's status as the owner of the environmental site and Hartford Iron's landlord.

4

Forge's] counsel neither strained very hard, nor looked very far in an effort to ascertain the ownership of the property . . . , something that should have been determined before the Complaint was filed." *Whichard v. Specialty Rests. Corp.*, 220 F.R.D. 439, 442 (D. Md. 2004) (citation and internal quotation marks omitted).

As stated above, this case was filed almost three years ago, on January 10, 2014, and now has more than 600 docket entries. Motions to dismiss, a motion for partial summary judgment, and a motion for injunctive relief have been ruled upon; 17 third-party defendants have been added and since dismissed; and an amended motion for partial summary judgment is currently pending. It is unclear why Valley Forge waited almost three years to allege liability of GPI as the owner of the Hartford Iron site. The identity of the owner of real property is information that is publicly available and could have been ascertained by Valley Forge through exercising reasonable diligence prior to filing this suit. Valley Forge's explanation for waiting to name GPI as a defendant—that it just learned through discovery that GPI was the owner of the Hartford Iron site—is inadequate. *See Sanders v. Ventures Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995) (stating that if the explanation provided by the moving party is inadequate, this will weigh toward denying leave to amend).

The claims in this case are centered on Defendants' alleged breach of the 2012 settlement agreement among the parties. (*See* DE 1; DE 6; DE 74). Now, almost three years after filing this lawsuit, Valley Forge wants to introduce an entirely new cause of action (subrogation) against a new party (GPI) who is not a signatory to the 2012 settlement agreement. (DE 525-1). Valley Forge's proposed subrogation claim goes like this: GPI is responsible for correcting and controlling the environmental problems at the site, including terminating Hartford Iron's lease,

5

but it has failed to do so, thereby violating at least 15 different statutes or regulations. (DE 525-1 at 19-23). Valley Forge is subrogated to any rights or claims that its insured, Goldberg and Hartford Iron, have against GPI for its failure to act. As such, GPI is obligated to reimburse Valley Forge for all or part of the costs and expenses it has paid to date or will incur in the future on behalf of its insured concerning the investigation and remediation of the site.

Introducing this new legal issue against a new party at this stage of the proceedings would unduly muddle the already complicated issues in this suit, duplicate discovery efforts, and materially delay the resolution of this almost three-year old case. *See Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1303-04 (7th Cir. 1993) (affirming the district court's denial of a motion to amend where the proposed complaint attempted to add a whole new theory of the case four years after the action was commenced, with no explanation as to why the amendment did not take place sooner). As such, contrary to Valley Forge's assertion, the proposed amended complaint's addition of a new legal issue and a new defendant *does* result in unfair surprise and prejudice to Defendants. *See Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989) ("[T]he complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, *as long as amendments do not unfairly surprise or prejudice the defendant*." (emphasis added) (citations omitted)).

Moreover, "[b]eyond prejudice to the parties, a trial court can deny amendment when concerned with the costs that protracted litigation places on the courts. Delay impairs the 'public interest in the prompt resolution of legal disputes.'" *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 356 (N.D. Ind. Feb. 3, 2010) (quoting *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990)). Here, this suit has already

been protracted and contentious, and allowing Valley Forge to add a completely new claim against a new party will further protract the litigation and burden this Court, which militates against granting leave to amend.

Also, the addition of GPI as a defendant will significantly disrupt the Rule 16(b) deadlines set in this case, in particular, the expert disclosure and discovery deadlines. The two-year discovery period is approaching its final months, and the proposed amended complaint introduces new theories that would likely require significant additional discovery, interfering with the April 21, 2017, close of discovery. *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (where the facts could have been pled at any time after the filing of the initial complaint and the amended complaint would require additional discovery, allowing the amendment would cause prejudice to the non-moving party).

As an additional concern, Valley Forge's proposed amended complaint completely rewrites all of its prior claims against Defendants, leaving it to the reader to discern the differences between its current complaint and the proposed amended complaint. (*Compare* DE 78, *with* DE 525-1). As such, the proposed amended complaint does not "streamline the pleading" (DE 525 at 1) as Valley Forge suggests, particularly at this stage of the case where the Court has already ruled on various motions to dismiss, a motion for partial summary judgment, and a motion for injunctive relief.

In sum, because Valley Forge has unduly delayed in seeking to amend its pleading to name the owner of the environmental site as a defendant; because the proposed amended complaint adds an entirely new claim against a new defendant; because allowing the amendment would materially disrupt the Rule 16(b) deadlines of this contentious three-year-old case, resulting in duplicative discovery, prejudice to Defendants, and further protracted litigation; and because the proposed amended complaint does not serve to streamline the pleadings, Valley

7

Forge's motion to amend (DE 525) will be DENIED.

### *D. Conclusion*

For the foregoing reasons, Valley Forge's Motion for Leave to File Its Third Amended Complaint (DE 525) is DENIED.

SO ORDERED.

Entered this 3rd day of January 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge