UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Case No. 1:14-cv-00006-RLM-SLC<br>) |
| HARTFORD IRON & METAL, INC., *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a Motion for Appointment of Master to Oversee Discovery Pursuant to Rule 53(a)(1)(C) (DE 601) filed by Valley Forge Insurance Company ("Valley Forge") on December 21, 2016, requesting that the Court appoint a master to oversee and manage the remaining discovery in this case. Defendants Hartford Iron & Metal, Inc., and Alan B. Goldberg d/b/a Hartford Iron & Metal (together, "Hartford Iron") filed a response in opposition to the motion on January 10, 2017 (DE 615), and Valley Forge filed a reply on January 17, 2017 (DE 622). The matter is now ripe for ruling.

For the following reasons, Valley Forge's motion for appointment of special master will be DENIED.

### A. *Factual and Procedural Background*

Valley Forge filed this suit against Hartford Iron on January 10, 2014, claiming that Hartford Iron had breached a settlement agreement entered into by the parties in December 2012 that purported to settle the parties' respective rights and duties under certain insurance contracts relating to an environmental dispute. (DE 1). The factual background of this case is very

complicated and known to the parties, and thus, the Court will not set forth a detailed factual summary here. The docket entries now exceed 600 in this case, and this litigation has been contentious since the outset.

The Court conducted a preliminary pretrial conference on April 21, 2015, and set a discovery deadline of April 21, 2017. (DE 72). On October 16, 2015, Hartford Iron filed a motion to compel (DE 228), which was denied by the Court on November 4, 2015 (DE 262). On November 3, 2015, Valley Forge filed a motion to compel (DE 260), which the Court denied on November 18, 2015 (DE 272). On March 31, 2016, Hartford Iron filed a second motion to compel against certain third-party defendants (DE 418), and on May 4, 2016, several third-party defendants filed a motion to stay discovery (DE 446; DE 447); after a hearing, the Court ruled on these motions on June 1, 2016 (DE 462; DE 463).[1]

Also on June 1, 2016, the Court held a further preliminary pretrial conference, affirming the discovery deadline of April 21, 2107, and setting the following deadlines: July 1, 2016, for Rule 26(a)(1) initial disclosures; January 3, 2017, for Rule 26(a)(2) disclosures by Valley Forge; January 31, 2017, for Rule 26(a)(2) disclosures by Hartford Iron; February 28, 2017, for rebuttal experts; September 30, 2016, for Valley Forge to seek leave to amend the pleadings or join additional parties; and October 31, 2016, for Hartford Iron to seek leave to amend the pleadings or join additional parties. (DE 463).

Valley Forge filed two more motions to compel: one on May 27, 2016 (DE 458), and the other on September 12, 2016 (DE 516). Hartford Iron also filed two additional motions to compel: one on August 5, 2016 (DE 490), and the other on August 12, 2016 (DE 499). Hartford

---

[1] The third-party defendants have since been dismissed from this action.

Iron then sought leave to conduct an extended deposition of Kathleen Coyle on October 7, 2016. (DE 533). Following a hearing (DE 563), the Court ruled on these five discovery-related motions on November 4, 2016 (DE 568). In doing so, the Court acknowledged that an *in camera* review may be necessary on Valley Forge's second motion to compel. (DE 568 at 8).

On November 22, 2016, the District Judge denied a motion filed by Valley Forge on August 8, 2016, asking the Court to appoint a special master to oversee the remediation of the Hartford Iron site. (DE 491; DE 581). In doing so, the District Judge left the door open with respect to appointing a master at the parties' expense to address discovery matters if they proceeded in excess. (DE 581).

On November 29, 2016, Valley Forge filed motions to stay (DE 589; DE 590) and motions for protective order (DE 587; DE 588), seeking to delay Hartford Iron's depositions of Valerie Rodriguez and Brian Frankl. The Court held a hearing and ruled on these motions on December 16, 2016. (DE 599).

On December 28, 2016, Valley Forge petitioned the Court for an *in camera* review of documents at issue in its second motion to compel that Hartford Iron claims as privileged on its privilege log. (DE 606). The Court granted Valley Forge's motion on January 10, 2017, and scheduled the *in camera* review for February 22, 2017. (DE 614). Also on January 10, 2017, the Court granted several extension-related motions, extending the expert disclosure deadline for both parties to March 1, 2017, and the rebuttal expert deadline to March 22, 2017. (DE 614).

Valley Forge filed the instant motion for appointment of special master (DE 601) on December 21, 2016, and the motion is now fully briefed.

3

*B. Applicable Legal Standard*

Federal Rule of Civil Procedure 53 provides that a court may appoint a master to "address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in the district." Fed. R. Civ. P. 53(a)(1)(C); *see Borom v. Town of Merrillville*, No. 2:07 CV 98, 2008 WL 155018, at *3 (N.D. Ind. Jan. 15, 2008). "The rule begins with a presumption against the appointment of special masters." *Borom*, 2008 WL 155018, at *3 (citations omitted). That is, "the appointment of a special master is the exception and not the rule and . . . there must be a showing that some exceptional condition requires such an appointment." *Williams v. Lane*, 851 F.2d 867, 884 (7th Cir. 1988) (citation omitted)). "The Supreme Court has made clear that routine considerations, such as the general complexity of the litigation, the projected length of trial, and the congestion of the court's calendar, do not constitute exceptional circumstances." *Borom*, 2008 WL 155018, at *3 (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259 (1957)).

*C. Discussion*

Valley Forge argues that the Court should appoint a special master to oversee and manage the remaining discovery in this case as a matter of judicial economy and fairness. As grounds for the motion, Valley Forge asserts that Hartford Iron and its counsel "have a proclivity for inciting rather than resolving disputes" and insist on over-litigating most every discovery dispute. (DE 601 at 1-2).

As an example, Valley Forge describes its current dispute with Hartford Iron concerning the purportedly privileged documents that Hartford Iron has withheld for more than a year, which are scheduled for an *in camera* review by the Court on February 22, 2017. Valley Forge

4

believes that an appointed discovery master would be able to address and resolve issues such as these as they arise, which would curtail prolonged discovery disputes and the need for motion practice. As another example, Valley Forge cites Hartford Iron's performance during the deposition of Jerry Alpine, contending that the deposition unnecessarily lasted seven hours and was duplicative in content. Valley Forge is concerned that the upcoming depositions of Valerie Rodriguez and Brian Frankl will also be unreasonably cumulative and duplicative, as well as potentially harassing. Valley Forge believes that the presence of a master at these depositions will help to curtail interruptions during the depositions and limit further motion practice. Additionally, Valley Forge contends that it routinely receives correspondence from Hartford Iron's counsel that is "overly antagonistic and contains exaggerated accusations" and that such correspondence has recently "become more combative and harassing." (DE 601 at 8). Valley Forge believes that if a special master is copied on all discovery correspondence and participates in Local Rule 37-1 conferences, Hartford Iron's correspondence will take on a more civil and productive tone.[2] (DE 601 at 9).

In response, Hartford Iron points out, and correctly so, that Valley Forge has not identified any specific discovery-related issues that the undersigned Magistrate Judge has been unable to handle effectively. Instead, much of Valley Forge's motion appears to be an attempt to relitigate those rulings by the Magistrate Judge that Valley Forge disagrees with. Hartford Iron further argues that Valley Forge's motion fails to address the impact of appointing a special master at this late date on the long-established Rule 16 deadlines.

---

[2] Valley Forge also cites Hartford Iron's refusal to consent to the appointment of a special master over remediation, while simultaneously filing a partial summary judgment seeking substantially similar relief, as an example of Hartford Iron's lack of cooperation in this case.

Having considered the parties' arguments, the Court is not persuaded that the discovery issues in this case, to date, rise to the level of warranting the appointment of a special master under Rule 53(c)(1)(A). The two-year discovery period is approaching its final months, as discovery closes on April 21, 2017. While this case is complicated, it currently involves just one plaintiff and two defendants as all of the third-party defendants have been dismissed, which has helped to streamline the discovery process. Although there have been many discovery disputes and contentious interactions between the parties, the Magistrate Judge has been able to effectively deal with those issues and is available to continue to do so. "[O]n the basis of nothing more than the threat of future disputes, no special master is required in this matter." *Borom*, 2008 WL 155018, at *4.

Furthermore, introducing a special master for discovery at this late stage of discovery runs a risk of delaying resolution of the claims on the merits while the master is identified, is assigned duties, and gets up to speed; appointing a master would also add another layer of procedure in this case. *See, e.g.*, *Goins v. Hitchcock I.S.D.*, 191 F. Supp. 2d 860, 867 (S.D. Tex. 2002) (concluding that the appointment of a special master for discovery would only delay the ultimate resolution of the case and increase the parties' expenses). "The court can and shall manage the discovery in this case, unless and until it becomes apparent to the court that appointment of a discovery master is warranted." *Bell v. Addus Healthcare, Inc.*, No. C06-5188RJB, 2006 WL 3486910, at *1 (W.D. Wash. Dec. 1, 2006); *see Robertson v. Quadri*, No. C06-04624 JF (HRL), 2007 WL 1176635, at *4 (N.D. Cal. Apr. 20, 2007) (denying motion for appointment of special master of discovery, but stating that if the parties and counsel were

unable to comport themselves with civility and basic professionalism, the court would revisit the question of appointing a special master, with costs to be split by both sides).

In sum, Valley Forge has not met its burden of showing that a special master over discovery is necessary, at least at this juncture, and therefore, its motion will be DENIED. In closing, the parties are reminded that the Federal Rules of Civil Procedure should be construed, administered, and employed by the parties "to secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, and that "discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention," *Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3998194, at *2 (N.D. Ind. Oct. 12, 2010) (citations omitted).

### D. Conclusion

For the foregoing reasons, Valley Forge's Motion for Appointment of Master to Oversee Discovery Pursuant to Rule 53(a)(1)(C) (DE 601) is DENIED without prejudice.

SO ORDERED.

Entered this 25th day of January 2017.

                                                /s/ Susan Collins
                                                Susan Collins,
                                                United States Magistrate Judge