# UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **VALLEY FORGE INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-00006-RLM-SLC |
| | ) | |
| **HARTFORD IRON & METAL, INC.,** *et al.*, | ) | |
| | ) | |
| Defendants/Counter-Claimants. | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court is a motion to strike (DE 631) filed by Defendants and Counter-Claimants Hartford Iron & Metal, Inc., and Alan B. Goldberg, doing business as Hartford Iron & Metal (together, "Hartford Iron") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, seeking to strike the answer (DE 625) filed by Plaintiff/Counter-Defendant Valley Forge Insurance Company to Hartford Iron's Second Amended Counterclaims (DE 508). Hartford Iron contends that Valley Forge's answer should be stricken because: (1) it is untimely and has resulted in prejudice to Hartford Iron; and (2) more than 50 of the responses in the answer purportedly do not comply with Federal Rule of Civil Procedure 8(b), in that they do not include, or are not limited to, an admission, a denial, or an averment that the party lacks knowledge or information sufficient to form a belief as to the truth of the averment. The motion is now ripe for ruling. (DE 639; 649).

For the following reasons, Hartford Iron's motion to strike will be GRANTED IN PART and DENIED IN PART.

### A. *Applicable Legal Standard*

Federal Rule of Civil Procedure 8(b) states that in responding to a pleading, a party must

"admit or deny the allegations asserted against it by an opposing party." "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Techs. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). However, "a motion that seeks to remove unnecessary clutter serves not to delay, but rather to expedite." *Abayneh v. Zuelch*, No. 2:10-CV-415 RLM-RCB, 2011 WL 572407, at *1 (N.D. Ind. 2011) (citing *Heller Fin., Inc.*, 883 F.2d at 1294).

Motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011) (citing *Heller Fin., Inc.*, 883 F.2d at 1294; *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992)). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

## B. Analysis

1. Timeliness and Prejudice

Hartford Iron first argues that Valley Forge's answer, which was filed on January 22, 2017, should be stricken for the reason that it is untimely. Hartford Iron contends that pursuant to Rule 12(a)(4), Valley Forge's answer was due 14 days after the Court's Order dated January 4, 2017, that dismissed a portion of Hartford Iron's counterclaims. Hartford Iron asserts that Valley Forge's delay prejudiced Hartford Iron in that it could not use the answer in its January 23rd and 24th depositions of Brian Frankl and Valerie Rodriguez.

In response, Valley Forge argues that Rule 12(a)(1)(B), rather than Rule 12(a)(4), applies, and thus, that it had 21 days, rather than 14 days, after the Court's January 4th Order within which to file its answer. Valley Forge urges that even if it was mistaken in applying Rule 12(a)(1)(B) rather that Rule 12(a)(4), its reliance on the time frame set forth in Rule 12(a)(1)(B) was in good faith and constitutes "excusable neglect" under Rule 6(b)(1)(B). Additionally, Valley Forge rejects Hartford Iron's claim of prejudice, emphasizing that Hartford Iron had originally noticed Frankl's and Rodriguez's depositions for January 19th and 20th, respectively, and thus, that Hartford Iron never intended to use Valley Forge's answer during these depositions. Valley Forge emphasizes that, in any event, Hartford Iron received the answer on the evening of January 22nd—still before the depositions commenced.

The Court agrees that even if Rule 12(a)(1)(B) applies, Valley Forge has shown excusable neglect for its delay. With respect to "excusable," the Seventh Circuit Court of Appeals has stated:

> the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of

3

> prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)). Here, Hartford Iron has not shown that it was prejudiced by Valley Forge's delay, and the delay was minimal—just four days. Furthermore, once Hartford Iron alerted Valley Forge to Hartford Iron's calculation of the deadline, Valley Forge filed its answer the next day, suggesting that counsel acted in good faith. (DE 639 at 4-5); *see, e.g.*, *Saul v. Prince Mfg. Corp.*, No. 1:12-CV-270, 2013 WL 228716, at *2 (N.D. Ind. Jan. 22, 2013) (considering when finding excusable neglect, that as soon as counsel was alerted to the missed deadline, it filed a response the next day); *Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-CV-21-PRC, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (same). Moreover, Valley Forge's proffered reason for its delay falls within a type of excusable neglect described as "good faith misinterpretation of a procedural rule" or "plausible misconstructions, but not mere ignorance, of the law or rules." *Lorenzen v. Emps. Ret. Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 232 (7th Cir. 1990) (citations omitted).

Therefore, even if Rule 12(a)(1)(B) applies, Valley Forge has shown excusable neglect for its four-day delay in filing the answer, and thus, its answer will not be stricken on the basis of untimeliness. *See Mommaerts v. Hartford Iron & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (granting defendant an extension of time to file its answer, after the deadline had passed, on the basis of excusable neglect). Accordingly, the Court will proceed to consider Hartford Iron's challenge to the specific language used in portions of Valley Forge's answer.

2. "To the Extent that Further Response May Be Required"

Valley Forge employs a formulaic denial—"to the extent that response is required, the allegations in this paragraph are denied" (or a similar version thereof)—in 50 paragraphs of its answer. (*See* DE 625 ¶¶ 7, 14, 26, 29, 31-32, 64-66, 68-69, 71, 75, 77, 94, 98-101, 103, 107-12, 115-23, 125-29, 145, 148, 151, 182-88). Hartford Iron seeks to strike these portions of Valley Forge's answer, contending that they are impermissible qualified denials.

As explained earlier, in responding to a pleading, a party must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). If a party must give a qualified answer, it must "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4); *see Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. Nov. 6, 2006) (striking defendant's answer where defendant began with the phrase "to the extent that" and then denied the remaining allegations, finding it was an impermissible "qualified answer"); *Trs. of Auto. Mechs. Local No. 701 Pension & Welfare Funds v. Union Bank of Cal., N.A.*, No. 08 C 7217, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009) ("[The phrase] 'to the extent that' is a telltale tipoff that [the party] has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs."); *Baumann v. Bayer, AG*, No. 02 C 2351, 2002 WL 1263987, at *1 (N.D. Ill. June 5, 2002) ("[I]t is of course obvious that any purported response that begins with 'to the extent that' is wholly uninformative.").

Valley Forge's incorporation of the phrase "to the extent that further response may be required" is akin to an impermissible qualified denial. *See Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *6 (N.D. Ind. July 8, 2013) ("[C]ryptic

5

responses do not inform Plaintiff of whether their denials were based on the facts or otherwise."). Therefore, these responses will be stricken, and Valley Forge will be granted leave to amend its answer to these paragraphs and clearly state in compliance with Rule 8(b) whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment.

        3. "Calls for a Legal Conclusion to Which a Response Is Not Required"

Valley Forge responds in 13 paragraphs of its answer that the allegations "call for a legal conclusion to which a response is not required." (*See* DE 625 ¶¶ 7, 26, 33-36, 64-66, 68-69, 71, 75). Hartford Iron argues that these paragraphs should be stricken on the basis that legal conclusions are an integral part of the notice pleading system.

Indeed, "district courts within the Seventh Circuit Court of Appeals have consistently found that responses that an allegation is a 'legal conclusion' . . . are insufficient and contrary to the Federal Rules of Civil Procedure." *Do It Best Corp.*, 2013 WL 3421924, at *4 (citation omitted); *see, e.g.*, *N. Ind. Metals v. Iowa Express, Inc.*, No. 2:07-CV-414-PRC, 2008 WL 2756330, at *4 (N.D. Ind. July 10, 2008) (citation omitted); *Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 WL 2445902, at *2 (N.D. Ill. Sept. 29, 2005). "Refusing to answer an allegation because it calls for legal conclusions flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading." *Donnelly*, 2005 WL 2445902, at *2 (citation and internal quotation marks omitted); *see Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, Nos. 07-CV-1047, 08-CV-0245, 2008 WL 5377712, at *1 (E.D. Wis. Dec. 22, 2008) ("[L]egal conclusions are an integral part of the federal notice pleading regime." (citations and internal quotation marks omitted)).

Therefore, these responses, too, will be stricken, and Valley Forge will be granted leave

6

to amend its answer to these paragraphs and clearly state in compliance with Rule 8(b) whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment.

    4. "Not Directed at"

Valley Forge's responses to three paragraphs state that the allegations "are not directed at Valley Forge and therefore a response is not required." (*See* DE 625 ¶¶ 31-32, 94). Hartford Iron contends that this language is an impermissible attempt by Valley Forge to qualify its answer.

The Court agrees that this language does not meet the requirements of Rule 8(b). *See, e.g.*, *Vill. of Arlington Heights Police Pension Fund v. Poder*, No. 88 C 3892, 1989 WL 75189, at \*1 (N.D. Ill. June 28, 1989) (striking paragraphs of the answer that stated no response was required, either because the allegations contain "only a legal conclusion" or contain "no allegations directed to this defendant"). Therefore, these three responses will also be stricken, and Valley Forge will be granted leave to amend its answer to these paragraphs and clearly state in compliance with Rule 8(b) whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment.

## *C. Conclusion*

For the foregoing reasons, Hartford Iron's motion to strike (DE 631) is GRANTED IN PART as to the specific paragraphs identified in this Opinion and Order, but is OTHERWISE DENIED. Valley Forge is granted up to and including April 4, 2017, to file an amended answer that comports with the requirements of Federal Rule of Civil Procedure 8(b).

SO ORDERED. Entered this 21st day of March 2017.

                                             /s/ Susan Collins
                                             Susan Collins,
                                             United States Magistrate Judge